EDWARD H. AIKEN AND DANIEL AIKEN, *qui tam, v.* WILLIAM PECK.

In order to estop a party from proving a fact, because the fact had been found against him in a former suit, it must appear clearly, that the precise question was adjudicated in such suit. If the record relied upon leave this in doubt, there can be no estoppel.

In a *qui tam* action, brought by a creditor against one who has been party to a fraudulent conveyance of property of the debtor, to recover the penalty given by statute, the admissions of the debtor, who is not party to the suit, made previous to the alleged fraudulent sale, may be given in evidence by the plaintiff, for the purpose of establishing the fact of the debtor's indebtedness to him; but it is not competent for the plaintiff to prove, for the purpose of establishing such indebtedness, any declarations made by the debtor subsequent to the time of the sale.*

---

* See *Gilson, Adm'r, v. Gilson*, 16 Vt. 464.

THIS was an action to recover the penalty given by statute,—Rev. St., chap. 95, sec. 20,—for receiving and justifying a fraudulent conveyance of property. The plaintiffs, who sued as well for themselves, as for the county of Addison, alleged in their declaration, that on the eighteenth day of February, 1845, one Harvey Briggs was indebted to them upon a promissory note, previously executed, and also upon other accounts, and was also largely indebted to other persons, and that, upon the same day, at Cornwall in the county of Addison, the said Briggs, in order to defraud the plaintiffs of the sums in which he was so indebted to them, and to avoid his debts to others, sold and delivered to the defendant, and the defendant, with the intent to enable Briggs so to avoid his debts, purchased and received from Briggs, two horses, with blankets, halters, &c., and one sleigh,—all of the value of $378; and that the defendant afterwards, upon the same day, justified the said sale and purchase to have been made *bona fide*, and upon good consideration. Plea, the general issue, and trial by jury, September Term, 1848,— HALL, J., presiding.

On trial the plaintiffs, to prove the indebtedness to them from Briggs, gave in evidence a promissory note payable to them, executed by Briggs, dated February 19, 1845, for $722,60. The plaintiffs then gave in evidence the deposition of Charles M. Aiken,— who testified, that he was present, on the nineteenth day of February, 1845, when Edward H. Aiken presented to Briggs a note for $725, which was not then due, and Briggs agreed to substitute for it a new note, payable on demand, if Aiken would deduct the interest, and that a new note was accordingly executed by Briggs, for about $722, and that Briggs then admitted, that the first note was given for several smaller notes, some of which would have been due some time previous, and that those notes were given for property, which he purchased of E. H. & D. Aiken, excepting one note, which was given upon a settlement of book accounts between them. The plaintiffs also called one Colburn as a witness, whose testimony tended to prove, that Briggs admitted, on the nineteenth of February, 1845, that he had previously owed the plaintiffs debts, which he had included in the note above mentioned. To all this evidence the defendant objected; but the objection was overruled by the court.

The plaintiffs then gave evidence tending to prove, that on the eighteenth day of February, 1845, or previous thereto, Briggs was in possession of the property described in the declaration, and was indebted to various persons to a large amount, and that the sale and purchase of the property were made on the same day, or a short time previous, in the manner and with the intent alleged in the declaration, and that the defendant, being privy thereto, justified the same to have been made in good faith and for a good consideration.

The defendant introduced testimony tending to disprove the allegation of fraud on his part. The defendant also offered in evidence a copy of the record of the county court for the county of Rutland, September Term, 1847, in a suit in favor of the plaintiffs against Briggs, in which the defendant was summoned as trustee of Briggs, and also the disclosure of the defendant,—from all which it appeared, that the defendant disclosed in that suit, that he purchased the property in question of Briggs, in good faith, February 11, 1845, and received it into his possession a few days after, and that subsequently the property was attached and taken from his possession, as the property of Briggs, and was sold by the attaching officer and the proceeds applied upon the execution against Briggs; that the plaintiffs then filed their allegations, averring that the trustee had in his possession, at the time of the service of the trustee process upon him, the property described in the declaration in this suit, and that he held the same by virtue of a conveyance, which was fraudulent and void, as against the creditors of Briggs; that issue was taken upon these allegations; and that the court adjudged the trustee not chargeable. And the defendant now insisted, that, as the facts contested by him in this suit were included in the allegations, and a judgment was rendered thereon in his favor, the plaintiffs were concluded, by that judgment, as to all the facts averred in the allegations. To the admission of this evidence the plaintiffs objected, and it was excluded by the court.

The court charged the jury, that in actions of this character the rule of evidence is the same, as in criminal cases, and that the facts averred in the declaration must be established by full proof and beyond a reasonable doubt;—that the deposition of Charles M. Aiken and the testimony of Colburn, if believed, furnished sufficient proof

of the indebtedness of Briggs to the plaintiffs, as stated in the declaration, and that no other proof of such indebtedness was necessary, to entitle the plaintiffs to maintain this action;—that if the jury should find, that Briggs was indebted to the plaintiffs, as stated in the declaration, and that the conveyance of the property by Briggs to the defendant was made and received with a fraudulent intent, on the part of both, to avoid the debts, which Briggs owed to the plaintiffs, or to his other creditors, and should also find, that the defendant subsequently justified the conveyance to have been made in good faith, and upon a good consideration, they should return a verdict in favor of the plaintiffs, for the value of the property at the time of the conveyance.

Verdict for plaintiffs. Exceptions by defendant.

*L. C. Kellogg* and *R. Pierpoint* for defendant.

The proof of the indebtedness of Briggs to the plaintiffs, at the time of the alleged fraudulent sale, is the basis of the plaintiffs' right to maintain this action;—Rev. St. 432, §§ 19, 20 ;—and it should be as full and perfect in character, as the evidence is required to be upon the other material allegations in the declaration. The deposition of Charles M. Aiken and the testimony of Colburn only furnish evidence of the admissions of Briggs, *made after the alleged sale*, that such indebtedness existed. The note offered in evidence bears a date subsequent to the sale, and could not, of itself, furnish evidence of an indebtedness existing previous to or at the time of the sale. The admissions of Briggs should not have been received against the defendant, because he was a living and admissible witness, a stranger to the suit, and because they were made after the defendant had acquired a separate right in the subject matter. *Warner* v. *McGary*, 4 Vt. 507. 1 Greenl. Ev. §§ 180, 187. *Washburn* v. *Ramsdell*, 17 Vt. 299. *Ellis* v. *Howard et al.*, Ib. 330. *Hines et al.* v. *Soule*, 14 Vt. 99. The reason of the rule, as stated in 2 Stark. Ev. 740, by which, in an action against a sheriff for an escape, the debtor's acknowledgment of the debt is receivable, as against the sheriff, has no analogy or application to this case; and the rule itself is limited to the admission of acknowledgments made by the debtor *before the escape*. *Rogers* v. *Jones*, 7 B. & C. 86, [14 E. C. L. 19.] 1 Greenl. Ev. § 187. *Phillips* v. *Eamer*, 1 Esp. R. 357.

The allegations of the plaintiffs, in the trustee suit, that the title of the defendant to the property was void as to the creditors of Briggs, are identical with their averments in this case, as to the same subject matter. An issue was joined upon those allegations, and judgment rendered in favor of the defendant. It was a judgment between the same parties, upon the same subject matter; it is therefore conclusive evidence. *Gray* v. *Pingry*, 17 Vt. 419.

*C. L. Williams* for plaintiffs.

When the indebtedness of a third person is necessary to be proved, the only practicable rule of evidence is, to require such proof, as would be sufficient to establish the debt in an action against the debtor himself. This is the rule in actions against sheriffs for escapes on *mesne* process; *Williams* v. *Bridges et al.*, 2 Stark. R. 42, [3 E. C. L. 235;] *Rogers* v. *Jones*, 7 B. & C. 86, [14 E. C. L. 19;] *Sloman* v. *Herne*, 2 Esp. R. 695; 1 Saund. Pl. & Ev. 555; 2 Stark. Ev. 1340; 2 Greenl. Ev. § 584; so, too, in case of false return; *Kempland* v. *Macauley*, Peake 65. The deposition of Charles M. Aiken shows, aside from the admissions of Briggs, the existence of a previous note, for which the note in evidence was given—a fact of itself sufficient to establish the plaintiffs' case upon this point.

The judgment in the trustee suit could operate against the plaintiffs only as an estoppel; as such, it should have been pleaded, and, not having been, it is to be considered as waived. 9 Vt. 31. 12 Vt. 692. *Gray* v. *Pingry*, 17 Vt. 419. 19 Vt. 148. *Vooght* v. *Winch*, 2 B. & A. 662. 2 C. M. & R. 316. 1 Salk. 276. 4 Bing. N. C. 782. 2 Smith's Lead. Cas. 438. The record showed no adjudication of any question litigated in this suit. To have had a conclusive effect, if properly pleaded, it should have appeared, that the judgment was upon the question of fraud in the defendant. This does not appear. It does appear from the disclosure, that the property in question in that case was taken from the trustee's possession by attachment; and if it is possible, that that was the ground of the judgment in favor of the trustee, in that suit, the record had no conclusive, or even *prima facie*, bearing upon any question tried in this suit.

The opinion of the court was delivered by

HALL, J.   The first question to be considered is, whether the record of the trustee proceeding was properly excluded by the county court.

It is not claimed in behalf of the defendant, that the whole subject matter of this suit,—the right of the plaintiffs to recover the penalty,—has been inquired into and passed upon in the former suit,—but that a question necessarily arising in this case, and which must be determined in favor of the plaintiffs, in order to entitle them to recover, viz., the question, whether the sale from Briggs to the defendant Peck was in fraud of the plaintiffs, as creditors of Briggs, was in controversy in that suit, and was decided in favor of the defendant.   For this reason it is insisted, that the record offered ought to have been admitted and held to be a bar to the plaintiffs' recovery.

In order to estop a party from proving a fact, because the fact had been found against him in a former suit, it must appear, that the precise question was adjudicated in such suit.   It is not a matter to be left to conjecture.   If, from the record, (when the record alone, as in this case, is relied upon,) it should appear possible, that the question was left undecided, then there would be no estoppel ; for an estoppel, in the language of Lord Coke, "must be certain to every intent."   From an examination of the record offered it seems quite clear, that it can, at most, be but matter of conjecture, that the question of fraud was adjudicated.   It does indeed appear from the record, that the plaintiffs claimed, that the defendant was trustee, for the alleged reason, that he held the property by a sale fraudulent as to them, and that the defendant denied that he so held it.   But this was not the only issue.   The defendant also claimed, that he was not trustee, for the reason that the property, with which he was sought to be charged, had been taken from his possession and disposed of on attachments against Briggs, and that therefore he was not liable on the process.   Both these issues were before the court, and upon them the court rendered a general judgment, that the defendant was not trustee,—but upon which of them it was founded does not appear.   There being no certainty, therefore, that the question of fraud was passed upon by the court, we think, the record could not constitute a bar to this suit, and that it was properly excluded.   The effect of the record having been thus deter-

Aiken et al., *q. t.*, *v.* Peck.

mined, the several other objections, which were taken in the argument to its admissibility, have not been considered.

The remaining question in the case is, whether the plaintiffs, in order to prove that they were creditors of Briggs at the time of the alleged fraudulent sale, were entitled to give in evidence the admissions of Briggs to that effect.

It is claimed by the plaintiffs, that the testimony was admissible under the rule of evidence, that, when the issue is substantially upon the mutual rights of third persons at a particular time, such evidence is admissible, as might have been legally introduced in an action between the parties themselves. On consideration we are of opinion, that the present action does come within that class of cases.

Our principal ground of doubt has been, not whether the admissions of Briggs might be competent evidence, but whether those made subsequent to the sale ought to have been received. The rule, on which the plaintiffs rely, has generally been applied in actions for false returns, and for escapes, against sheriffs, where proof of the plaintiff's debt is necessary; or where, in. actions by or against assignees in bankruptcy, proof is required of the petitioning creditor's debt. In these cases the admissions of the debtors, though not parties to the suit, have been held to be competent evidence. In some of the cases little attention appears to have been given to the time, when the admissions were made; and there is some confusion in them on that subject. The more recent cases, however, limit the admissions of the debtor, in actions against the sheriff, to those made previous to the act, by which his liability was incurred. And in bankrupt suits all admissions, made by the bankrupt after his act of bankruptcy, are excluded. *Hoare* v. *Coryton*, 4 Taunt. 560. *Smallcombe* v. *Bruges*, 13 Price 136. *Taylor* v. *Kinloch*, 1 Stark. R. 175, [2 E. C. L. 344.] *Williams* v. *Bridges*, 2 Stark. R. 42. 1 Greenl. Ev. 181.

This distinction we think a sound one. After other persons have acquired separate rights and interests in regard to the debt, the admissions of the debtor become liable to the suspicion of collusion, and should, on principle, be excluded. But while the debtor and creditor are alone to be affected by the character and extent of the indebtedness, their declarations in regard to it are not open to such suspicion, and may, perhaps, be regarded, in reference to the in-

debtedness, as part of the *res gestæ.* We think, the plaintiffs are entitled in this suit to the benefit of all the evidence, of which they might have availed themselves, at the time of the alleged fraudulent sale, in an action for the debt, against Briggs,—but that they can make no use of any admissions of Briggs, made subsequent to such sale. This decision would exclude, not only the admissions of Briggs testified to by Colburn, but also all the matter embraced in the deposition of Aiken, except the mere fact, that the note introduced in evidence was substituted for a previous note surrendered. Whether the note surrendered was a genuine note of Briggs, executed by him for a real debt, should have been found by other evidence, among which might have been the admissions of Briggs, made prior to the alleged fraudulent sale.

It was claimed, in argument, by the counsel for the defendant, that all admissions of Briggs ought to have been excluded, under the rule in *Warner* v. *McGary*, 4 Vt. 299, that, where a person is himself a competent witness, his admissions are in general incompetent. But we think the admissions of the debtor, in actions like the present, do not come within the principle of that case and the subsequent decisions in this state in accordance with it, and that such admissions should be received in evidence, without reference to the question, whether the debtor would himself be a competent witness.

The result is, that the judgment of the county court is reversed and a new trial granted.