Peck et al. *v.* Crane et al.

---

ASAHEL PECK & OTHERS *v.* L. M. CRANE & OTHERS.

[IN CHANCERY.]

*Injunctions. The Power and authority of the Court of Chancery in certain cases considered.*

An appeal from the order of a Chancellor granting an injunction, lies in all cases to this court.

Peck et al. *v.* Crane et al.

The validity of a writ of sequestration, and the regularity of its execution, is to be judged of exclusively by the Court of Chancery.

A known officer of the State, while serving the processes of the Court of Chancery becomes its officer, and entitled to its protection, and so with officers specially appointed by the Court of Chancery.

Injunctions in certain cases may be granted without a bill being filed.

Where the case comes within the ordinary powers of the Court of Chancery, it may interfere in a summary manner, to vindicate its officer from suits at law for alledged irregularities in executing the process of the court.

APPEAL from the order of CHANCELLOR PIERPOINT granting an injunction; the facts in the case sufficiently appear in the opinion.

BY THE COURT. This case came before this court on appeal from the order of CHANCELLOR PIERPOINT, granting an injunction in a suit pending in the Court of Chancery, in the county of Chittenden, to stay proceedings in suits at law, brought against the sheriff of Chittenden County, for alledged misconduct in executing a writ of sequestration issued in that suit. Numerous questions are made.

1 Whether an appeal lies to this court, from the granting of such an injunction? The words of the statute are general, and we see no reason why an appeal should not be allowed as much in this case, as in any case.

2. It is claimed that this writ of sequestration being given exclusively by the statute, neither the validity of the writ, or the regularity of its execution, should be judged of exclusively, by the Court of Chancery. But we think this writ of sequestration must stand upon the same basis in this particular, as other writs of sequestration issued under the general powers of the court. All writs of sequestration are intended to aid the court, in carrying into effect its final decrees. And this is so intended, also. It is, be sure, provisional, and made in anticipation of a final decree for the orator, and granted to conform the proceedings in chancery to those in the court of law, in regard to securing the ultimate judgment of the court, by a previous attachment of property.

3. It is claimed that the officer, being one of the known gen-

eral officers of the State, for service of process, and this process being placed by the statute upon the same grounds as other mesne process, the officer cannot be regarded as the officer of the Court of Chancery, and entitled to its protection as such. It is no doubt true, that a Court of Chancery exercises its discretion, in interfering to protect officers from suits in the courts of law, for any irregularity, or excess of their own, in executing the processes of that court. But that court more often does interfere, in such cases even. And where the regularity or validity of their processes are brought in question, the court always interferes to vindicate its officers from suits in other courts, and will award such damages, to any party suffering from such irregularity, as it deems reasonable, and will in many cases allow the party, who claims by an adversary and independent right, to pursue the same by a suit at law. But this, and all redress, must be under the permission of the Court of Chancery. And it will ordinarily, if appealed to in proper time, treat any departure from this course, as a contempt of its authority and powers.

This being so, we cannot distinguish between the general officers of the State, who, while serving the processes of the Court of Chancery, become its officers, and entitled to its protection, and officers specially appointed by them, for the performance of special services.

4. It is claimed that this injunction could only have issued upon bill filed for that purpose. We think this is not the usual practice, and is not necessary.

5. It is claimed that the suits at law, are for mere tortuous acts of the officer, and do not in any sense interfere with the proceedings in the Court of Chancery. Although we have no doubt the suits were intended chiefly to seek redress for such acts, perhaps altogether, yet they seem to deny all right of the officer to attach the property, or to put him upon his showing; and the argument shows that chief reliance for recovery is placed upon the irregularity of the officer's proceedings, in executing the writ of sequestration, and in which it may be supposed, upon a charitable consideration of the case, as it now appears, he might, and probably did, act in good faith.

6. It is claimed, that under our constitution and laws, the trial by jury being so sedulously guarded, the Court of Chancery will

Peck et al. *v.* Crane et al.

not interfere in this summary manner, to vindicate its officers from suits at law for alledged irregularities, and thus deprive the other party of his trial by jury. This may be a consideration of importance in regulating the exercise of the power, in the discretion of the Chancellor; but we are not prepared to think the case stands upon any such difficult grounds here, as should justify us in denying the power of the Court of Chancery altogether, certainly not at this stage of the proceedings.

We conclude then, that this case does come within the ordinary powers of the Court of Chancery, and we could not therefore feel justified in vacating this preliminary injunction. If, in the final disposition of the case, any of the parties in interest should feel themselves aggrieved, this decision will not be regarded as precluding them from any redress which they might otherwise be entitled to, by way of appeal, or in any other mode.

It is therefore ordered that the appellant take nothing by his appeal, and that the case be remanded to the Court of Chancery in the county of Chittenden, to be there further proceeded with.

We feel sensible that the same reason for bringing all questions in regard to its processes, or its officers, before the Court of Chancery exclusively, does not at present exist in this country to the same extent as formerly in the English courts of equity. And it seems to us a grave question of policy, which we do not feel prepared to decide, in this preliminary mode; and therefore do not regard this as anything more than a disposition of this preliminary appeal, that the case may proceed. We merely intend to hold, here that this injunction, coming fairly within the powers ordinarily exercised by the English Courts of Chancery, and the Courts of Chancery in many of the American States, we do not deem it expedient to deny or abridge their power, in this preliminary proceeding, and without opportunity for more examination than we could here bestow.

Isaac F. Redfield, } *Judges.*
Pierpoint Isham, }