## DANIEL TARBELL AND GEORGE TARBELL *v.* W. J. TARBELL.

[In Chancery.]

*Mistake. Former Decree. Estoppel. Plea. Answer. Practice.*

1. The rule that a former decree or judgment is a bar applies only to the *matter in issue;* thus, the orators conveyed land to the defendant, and included by mistake in the deed a strip of land owned by one K. K brought a proceeding in equity to enjoin the defendant from interfering with the land, and prevailed. The orators were vouched in. A bill having been brought to correct the deed; *Held,* that the former decree was not a bar; and that this is so, although the master in that suit found, among other facts, that, there was no mistake in the orators' deed to the defendant, and that the orators intended to convey the land in dispute;—as the question of mistake was not the matter in issue in that proceeding.
2. When a plea of former decree is held insufficient as a bar, on motion it may stand as an answer.

BILL in chancery to correct a deed. Heard on plea in bar to the bill, December Term, 1883, ROWELL, Chancellor. Plea allowed, and bill dismissed.

The defendant's plea set forth that, A. N. King, at the December Term, 1879, brought his bill of complaint against the said W. J. Tarbell, alleging, that, he, King, was the owner of the land in question; that the land, "through inadvertence or mistake," was included in the deed from Daniel and George Tarbell to the defendant; and that he prayed for an injunction to restrain the defendant from interfering with the land.

The plea also set forth, that, the said defendant put in his answer to the said King's bill of complaint, denying the said King's title, alleging that the defendant was the owner, and that there was no inadvertence or mistake in the orators' deed; that the said Daniel and George Tarbell were vouched in; that a special master was ap-

pointed "to try. and determine all issues of fact"; and that he, "among other things, reported in substance, that the said six feet was included in the description in this defendant's said deed; that he failed to find any inadvertence or mistake in making said description in defendant's said deed; but found that Daniel and George intended by said deed to convey to this defendant all the land described in said deed," &c.; and further, "that said report was accepted by said court at said term, and a decree rendered thereon, whereby it was adjudged, that this defendant has no right, title, or interest, in and to the said six feet strip of land, as by the record thereof now remaining," &c.; and that no appeal was taken.

The said King's bill of complaint alleged that, he and his grantors had for a long time owned and occupied the said land; that the defendant was attempting by force to prevent him from erecting a building on the same; "that your orator is informed, and believes that, on the 5th day of October, A. D. 1868, Daniel Tarbell and George Tarbell deeded to said William J. Tarbell certain land adjoining the said lot and store-house of your orator; and, as your orator is informed and believes, through inadvertence or mistake, the said Daniel and George included in their said conveyance to the said William J. Tarbell six feet in width from the easterly side of your orator's said piece;" and prayed for an injunction to restrain the defendant from interfering with the said strip of six feet of land.

Although the master found, as stated in the defendant's plea, that there was no mistake in the orators' deed to the defendant, he found such other facts that the Court of Chancery decreed that the defendant had "no right, title, or interest in the six-feet strip of land, described in the orator's bill, and that the title of the orator thereto is fully established"; and made the injunction perpetual restraining the defendant from interfering with the land; and no appeal was taken.

The decree contained the substance of the bill of complaint, and that part of the master's report which showed that said King was the owner of the land; but not that part relating to the mistake in the deed.

*Lamb & Tarbell* and *J. J. Wilson,* for the orators.

The decree of the court conclusively shows that the judgment in the former suit was based solely upon the master's finding, viz.: King's title, and not on the finding that there was "no inadvertence or mistake." The former decree is not an estoppel. *Crandall* v. *Gallup,* 12 Conn. 365; *Gray* v. *Pingry,* 17 Vt. 419; *Aiken* v. *Peck,* 22 Vt. 255; *People* v. *Johnson,* 38 N. Y. 63; *Woodgate* v. *Feet,* 44 N. Y. 1; *Church* v. *Chapin,* 35 Vt. 223; *Burlen* v. *Shannon,* 99 Mass. 200; *Lea* v. *Lea,* Ib. 493; 2 Smith Lead. Cas. 826; *Holbert's Estate,* 57 Cal. 257; *Lawrence* v. *Hunt,* 10 Wend. 81; *Hawks* v. *Truesdell,* 99 Mass. 557.

*Hunton & Stickney,* for the defendant.

William J. Tarbell's deed was a warranty. His grantors had notice of King's suit. The same claim was made there, in respect to said deed, as is now made by Daniel and George Tarbell. The former decree is a bar to this proceeding. Milf. Eq. Pl.; Adams Eq. [260]; 1 Greenl. Ev. ss. 531–2, *n.; Bigelow* v. *Winsor,* 1 Gray, 299; 3 Smith Lead. Cas. (Am. Notes) 792; *Perkins* v. *Walker,* 19 Vt. 144; *Gray* v. *Pingry,* 17 Vt. 424; *Carpenter* v. *Pier,* 30 Vt. 81; *Hodges* v. *Eddy,* 52 Vt. 434; *Baker* v. *Belknap's Est.* 39 Vt. 168; *People* v. *Judges of Monroe,* 1 Wend. 19; Big. Est. 84, 88 110, *n.*

The opinion of the court was delivered by

TAFT, J. This bill was brought to correct a deed given by the orators to the defendant. The orators claim that a strip of land, six feet in width, belonging to A. N. King, was included in the description in the deed by mistake. The title to the six feet in controversy has been adjudi-

cated in a proceeding, between King and the defendant, which terminated in favor of King. In this latter proceeding, the orators were vouched in by the defendant, William J. Tarbell, to defend his title; and William J. claims that the orators are bound by that adjudication, and are not now at liberty to litigate the claim made by the bill. Such is the question, as the defendant claims, presented by the plea.

What has once been judicially determined shall not again be made the subject of judicial controversy; a person shall not be twice vexed for the same cause. This rule is not always of easy application in practice. It extends only to the matter in issue or points in controversy upon the determination of which the finding or verdict was rendered.

Whether the description in the deed from the orators to the defendant was made through mistake, misapprehension, or fraud, was not a question litigated in the King suit. It was one with which King had no connection; he was prosecuting his own title; and any disposition of that question could not affect the one as to the reformation of the orators' deed to the defendant.

The decree of the Court of Chancery is reversed, and cause remanded with a mandate that the plea be disallowed, but upon defendant's motion in that court, the plea may stand as an answer.