HOLDEN *et al. v. O'DONOHUE et al.*

*(Supreme Court, General Term, Fourth Department.   July, 1891.)*

RES JUDICATA—ABSENCE OF RECORD—INSUFFICIENCY OF EVIDENCE.

In an action on a note executed in the name of a partnership, one of the defendants set up the plea that he was not a member of the firm at the time the note was made, and alleged that, in an action of a court of record on a similar note executed at the same time, in which the same defense was made, judgment was rendered for defendant, which judgment defendant claimed was conclusive as to his non-liability. The judgment was not set up in the answer, and the record thereof was not offered in evidence, the only evidence as to the existence of the judgment being that contained in a stipulation of the parties for a change of venue. *Held,* that the evidence was insufficient to enable the court to say whether the question of defendant's liability as a partner was determined in said action, and the judgment therein a bar to plaintiffs' suit.

Appeal from circuit court, Onondaga county.

Action by Edwin R. Holden and another against John O'Donohue and others. From a judgment for plaintiffs, defendant O'Donohue appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Sullivan & Morris,* for appellant.   *Goodselle & Nottingham,* for respondents.

MERWIN, J.   This action is upon five notes, made by the firm of P. Burke & Co., of Rochester,—one dated August 6, 1881, for $779.52, and the others dated August 25, 1881, each for $1,297.62,—payable at different dates, the latest being in six months. None of the defendants, except the appellant, defended. His defense was that he was not a member of the firm of P. Burke & Co. The court ordered judgment against all the defendants for the amount of the notes. In the decision the court finds that at the time the notes were given the appellant held himself out to the world and to the plaintiffs as a member of the firm; that the notes were given for iron sold and delivered to the defendants by the plaintiffs at different times prior to the giving of the same; and that in purchasing the iron the appellant represented and held himself out to plaintiffs as being a member of the firm, and the plaintiffs so believed; and that the appellant himself drew and signed the firm name to the notes. There is evidence in the case sufficient to sustain these findings. The appellant, however, claims that, in an action brought by the plaintiffs against the defendants in the municipal court of Rochester upon a similar note, judgment was rendered in favor of this appellant and against the plaintiffs, and that that judgment is conclusive upon the question. The judgment is not set up in the answer, and the plaintiff therefore claims that at most it is but *prima facie* evidence. The weight of authority is, however, to the effect that, in a case like the present, the judgment, if directly upon the point in issue, would be conclusive as evidence, though not pleaded in bar. *Miller* v. *White,* 50 N. Y. 144; *Krekeler* v. *Ritter,* 62 N. Y 374; *Burlingame* v. *Manderville,* 7 N. Y. St. Rep. 858; 1 Greenl. Ev: § 531. In order to give it such effect, it must appear affirmatively that the precise question was raised and determined, and this the defendant must show. *Zoeller* v. *Riley,* 100 N. Y. 107, 2 N. E. Rep. 388; *Russell* v. *Place,* 94 U. S. 606; *Aiken* v. *Peck,* 22 Vt. 260; *Woodworth* v. *Seymour,* 22 Hun, 245. The matter must not be left in uncertainty, or to conjecture. In the present case the record itself was not offered. The date of the judgment does not appear. The evidence about it is in a stipulation given by the plaintiffs upon the denial of a motion to change the venue. From that stipulation it appears "that upon a note given by P. Burke & Co., for the sum of about $350.00, said plaintiffs brought an action in the municipal court of the city of Rochester, which said action was tried in said court. That on said trial evidence was given on the part of the plaintiffs tending to show—*First,* that said defendant was in fact a partner of

said firm of P. Burke & Co.; *second,* that he had held himself out, prior to the giving of the note to said plaintiffs, as being a member of said firm. That in said action judgment was rendered on a verdict of a jury against said plaintiffs and in favor of said defendant for costs. Said note for $350 was given at same time as last four notes mentioned in the complaint herein." It nowhere appears what the issues were in that action. We cannot, therefore, judicially say that the question whether the appellant was a member of the firm, or held himself out as such to plaintiffs, was necessarily determined. The matter is left in uncertainty. The appellant has failed to show one of the elements necessary for him to show in order to make his defense available. But it may be suggested that upon the trial it was assumed that the same question was tried in the Rochester court. It does not appear that there was any such assumption, so far as the plaintiffs were concerned. When the stipulation was offered in evidence it was intimated by the court that the judgment would not be considered conclusive. This was not excepted to. The case was adjourned for several days, apparently to give both parties opportunity to present further evidence. Upon the adjourned day there was no further discussion or ruling or evidence as to the judgment. Further evidence was given on the defense, showing that the appellant was in fact not a member of the firm. At the close of the case there was no finding or request to find as to the judgment. We find nothing in the case to prevent the plaintiffs raising the question that the proof as to the judgment is not sufficient to make it conclusive. Judgment affirmed, with costs. All concur.