JOHN R. PRIEST, admr. *vs.* FOSTER & JAQUITH.

January Term, 1897.

Present: ROSS, C. J., TAFT, TYLER, MUNSON and START, JJ.

*Estoppel—Election of Remedies—Contract to Return Property—Loss by Fire.*

One who mistakenly supposes himself to have two remedies and chooses the wrong one, is not thereby barred from prosecuting the right one. Election is the choice between two available, inconsistent remedies.

*27*

A party is not estopped from proving a fact by a former judgment against him unless the precise point was there adjudicated.

The plaintiff first sued the defendants in case for so negligently managing his mill that it was destroyed by fire, and in that suit was cast. He then sued the defendants for a breach of their contract to return the mill as they received it. *Held*, that the judgment in the first action was not conclusive of the terms of the contract upon which the mill was let nor any bar to the maintenance of the second action.

If one contracts to return property in as good condition as when he receives it, he is liable for the destruction of the property by fire or other accident.

SPECIAL ASSUMPSIT. Plea, the general issue with notice. Trial by jury at the September Term, 1896, Rutland County, *Rowell*, J , presiding. Verdict and judgment for the plaintiff. The defendants excepted.

The defendants claimed that the plaintiff was barred from the present action by reason of having prosecuted the former to final judgment, and objected to all evidence. The court ruled that the remedies were not inconsistent and admitted the evidence, to which the defendants excepted.

The defendants further claimed that the contract of letting had been determined in the former suit and objected to the plaintiff's evidence upon that subject; but the evidence was admitted and the defendants excepted.

*W. W. Stickney* and *J. G. Sargent* for the defendants.

The two remedies were inconsistent and the plaintiff having elected the first was barred from the second. *Hartland* v. *Hackett*, 57 Vt. 92; *White* v. *White*, 68 Vt. 161; *Norton* v. *Doherty*, 3 Gray 372; *Smith* v. *Way*, 9 Allen 472; *Moller* v. *Tuska*, 87 N. Y. 166; *Fowler* v. *Bowery Savings Bank*, 113 N. Y. 450: 10 Am. St. 479.

The former judgment was conclusive as to the terms of the lease. *Blodgett* v. *Jordan*, 6 Vt. 580; *Perkins* v. *Walker*, 19 Vt. 144; *Spencer* v. *Dearth*, 43 Vt. 98; *Cromwell* v. *County of Sac*, 94 U. S. 351; *Wilson's Exrs.* v. *Deen*, 121 U. S. 525; *Johnson Co.* v. *Wharton*, 152 U. S. 252.

The contract did not amount to an agreement to rebuild.

I Taylor, Land. and Ten., 421; *Warner* v. *Hitchins*, 5 Barb. 666; *Miller* v. *Morris*, 55 Tex. 412: 40 Am. Rep. 814; *Warren* v. *Wagner*, 75 Ala. 188: 51 Am. Rep. 446.

*Butler & Moloney* for the plaintiff.

The two remedies were not inconsistent but concurrent. *Johnson* v. *Worden*, 47 Vt. 457; *Darling* v. *Woodward*, 54 Vt. 101; *Bowen* v. *Mandeville*, 95 N. Y. 237; *Bank* v. *Taylor*, 66 Vt. 578.

An express agreement to return in good repair makes the tenant liable to rebuild. Wood, Land and Ten., §§ 369, 373; *Phillips* v. *Stevens*, 16 Mass. 238; *Tilden* v. *Tilden*, 13 Gray 103; *David* v. *Ryan*, 47 Iowa 642.

START, J. The plaintiff obtained judgment in the court below for damages that had accrued to him by reason of the defendants' breach of contract to repair, keep in repair and return in as good condition as when they took it, a certain mill and machinery therein. While the defendants were in the occupancy of the mill under this contract, it was destroyed by fire. Thereupon the plaintiff brought a suit against the defendants, declaring in case, and thereby charged, that, while the defendants were in the occupancy of the mill, it became their duty to manage and use the mill and premises in a careful and prudent manner, so that the same might not be injured and destroyed; that the defendants, not regarding their duty, were careless and negligent in the management of the property, by putting upon the premises a boiler and smoke-stack and running and operating the same and neglecting to keep the property insured for the benefit of the plaintiff, and by wholly neglecting to care for the property so that it might not be destroyed; and that, by reason of the carelessness and negligence aforesaid, the property was wholly destroyed. To this declaration the defendants pleaded not guilty; and the cause was heard by a referee, who failed to find that the fire was caused by the negligence of the defendants, or that

the defendants agreed to keep the property insured for the benefit of the plaintiff, and so reported, but did find, that, by the terms of the contract under which the defendants went into possession of the mill and machinery, they were to take the property as it was and leave it as good as they found it. After the report had been filed in court, the plaintiff asked leave to file an amended declaration, setting forth, among other things, the defendants' agreement to leave the property as good as they found it, and that they had not done so. The court held that the proposed amendment was for a different cause of action from that set forth in the original declaration, denied the plaintiff's motion, and rendered judgment on the report for the defendants.

The defendants claim that the judgment in the first suit is conclusive as to the terms of the contract under which they took possession of the property, and that its terms were not open to dispute in the present suit. The terms of the original contract were not put in issue by the pleadings in the former suit; and the court refused to allow an amendment that would put the defendants' liability under the contract in issue, because the same was for a different cause of action from that declared upon in the original declaration, and thereby held that the defendants' liability, under their contract to return the property, could not be litigated in that action. This holding is conclusive upon the question of whether the defendants' liability under the contract was in issue, or determined; and the plaintiff is not concluded by the finding of the referee upon an issue not made by the pleadings, which was not, and could not, be litigated in that action. In order to estop a party from proving a fact, because the fact has been found against him in a former suit, it must clearly appear that the precise question was adjudicated in such suit; and, if the record relied upon leave this in doubt, there is no estoppel. *Aiken* v. *Peck*, 22 Vt. 255; *Tarbell* v. *Tarbell*, 57 Vt. 492; *Gray* v.

*Pingry*, 17 Vt. 419; *Gilbert* v. *Thompson*, 9 Cush. 348; *Russell* v. *Place*, 94 U. S. 606.

The more important inquiry is, whether the plaintiff, by attempting to charge the defendants with the loss of the property, in an action of tort, on the ground that the damage was caused by the defendants' negligence, and failing in such action, is precluded from resorting to the present action to recover the damage he has sustained by reason of a breach of the defendants' contract to repair, keep in repair and return the property in as good condition as when they took it.   To constitute the defense of a waiver by election of remedies, the remedies must be inconsistent, as where one action is founded on an affirmance, and the other upon a disaffirmance of a contract.   Where two remedies are consistent, so that resort to one is not a disaffirmance of the other, either or both may be prosecuted until satisfaction is obtained.   There are numerous authorities in support of this holding.   Thus, in *Merchants National Bank* v. *Taylor*, 66 Vt. 574, the defendant, by false and fraudulent representations in respect to his farm being free from incumbrance, induced the plaintiff to surrender to him certain trade paper and take in lieu thereof his note, secured by mortgage upon his farm.   It was held, that the plaintiff had two causes of action, one in contract upon the note, and the other in tort for the false representations; that the plaintiff might prosecute either or both of these causes of action to a recovery; that both proceeded on the theory of affirming the contract; and that one did not allege what the other denied.

In *Johnson* v. *Worden*, 47 Vt. 457, it is held, that a conditional vendor of personal property does not lose his lien upon the property by proving the sum due upon the contract of sale against the vendee's estate in insolvency; and that, after such proof, he may maintain an action against the vendee for its conversion.   In the opinion it is said: "When he proved the debt for the oxen, he was

pursuing that one of his remedies, and could do so without losing the other, until his right to his pay for the oxen should be fully satisfied. Not having been paid in that way, he had the right to pursue the other remedy." In *Root* v. *Lord*, 23 Vt. 568, the holding is to the same effect. In *Powell* v. *Dayton R. R. Co.*, 16 Oregon 33 : 8 Am. St. 251, it is held that an election to sue on a contract to purchase real property, will not preclude the plaintiff from suing for damages for waste committed on the same property by the defendant while a lessee thereof, if the plaintiff had no cause of action, and failed in the first suit because the defendant had not elected to purchase the property. In *Connihan* v. *Thompson*, 111 Mass. 270, it is held that a purchaser of land is not estopped from maintaining a bill in equity for specific performance of the contract to sell, by reason of his having sued the seller at law for breach of the contract. In the course of the opinion, it is said : "The defense of waiver by election arises where the remedies are inconsistent; as where one action is founded on an affirmance, and the other upon the disaffirmance of a voidable contract, or sale of property."

Where the remedies are consistent and concurrent, the party may prosecute as many remedies as he has. *Bowen* v. *Mandeville*, 95 N. Y. 237. The rule requiring a choice of remedies is applicable only when the remedies available are inconsistent. *Black* v. *Miller*, 75 Mich. 323. Election exists when a party has two alternative and inconsistent rights, and is determined by a manifestation of choice; but the fact that a party wrongly supposed he had two such rights, and attempted to choose the one to which he was not entitled, is not enough to prevent his exercising the other, if entitled to it. *Snow* v. *Alley*, 156 Mass. 193. In the case last cited the plaintiff had brought an action to recover the value of certain bonds, on the ground that he could repudiate the contract because of the defendant's bad faith, but recovered for only a part of them; and it was held

that the alleged breach of the defendant's promise was left untouched, and was the proper subject of an independent action. A recovery in an action for the hire of personal property, is no bar to another action seeking to obtain damages for injuries done to the property while in the hands of the bailee. *Shaw* v. *Beers*, 25 Ala. 449. It was held in *Morgan* v. *Skidmore*, 55 Barb. 263, and affirmed in court of appeals, that an action of tort can be maintained against a person for deceit in making false representations as to the solvency of a mercantile firm of which he was a member, although a judgment had been obtained against the firm, including himself, for the price of the goods, sold on credit to the firm by the plaintiff in consequence of such misrepresentations. An unsuccessful attempt to claim a right, or pursue a remedy, to which a party is not entitled, will not deprive him of the benefit of that to which he is entitled. *Re Van Norman*, 41 Minn. 494. A party who imagines he has two or more remedies, or who misconceives his right, is not to be deprived of all remedy because he first tries the wrong one. *Bunch* v. *Grave*, 111 Ind. 351. So where a party, in ignorance of his rights, resorts to a supposed remedy and fails, he is not concluded from resorting to the remedy he in fact had. *Butler* v. *Hildreth*, 5 Met. 52; *Dash* v. *Van Kleeck*, 7 Johns. 477: 5 Am. Dec. 297. In some cases, it is said that a party is estoppel by an election of remedies, where both actions must be supported by the same evidence. Thus, in *Marsh* v. *Pier*, 4 Rawle 273: 26 Am. Dec. 131, it is held, that judgment estoppel arises when the evidence in support of the present and former actions must be the same, though the actions are grounded on different writs; and, in *Smith* v. *Whiting*, 11 Mass. 445, it is held that a second action cannot be maintained upon evidence once offered and rejected in a trial of a like action, between the same parties.

The issues made by the pleadings in the two cases are dissimilar, and are supported by entirely different evidence. In the former case, the issue was whether the loss complained

of was caused by the defendants' negligence, and was supported by evidence of the defendants' acts and omissions. In the latter case the issue was whether the defendants agreed to keep the property in good repair and return it in as good condition as it was when they took it, and whether there was a breach of this agreement, and was supported by evidence tending to show the contract under which the defendants took the property, and their failure to return it. If the loss of the property had been caused by the defendants' negligence, the plaintiff would have had two remedies, one in tort counting on the defendants' negligence, and the other on the defendants' contract to keep the property in good repair and return it in as good condition as it was when they took it. The plaintiff by his action in tort, in which he failed to show that the loss was caused by the defendants' negligence, has established the fact that he had only one remedy, and, that, in resorting to the former action, he misconceived his rights; but he is not precluded from pursuing the remedy he in fact had, because he misconceived his rights and resorted to a supposed remedy, which he did not have. The remedy he in fact had, and the one he supposed he had, and would have had, if his evidence had been sufficient, are entirely consistent; and, by resorting to his supposed remedy, in the first instance, he did not disaffirm the defendants' contract, or in any way affect the alleged breach of the defendants' promise.

The jury having found, from evidence that was legally admissible, that the defendants agreed to repair and keep in repair the property and return it in as good condition as it was when they took it, the plaintiff was entitled to recover the damage sustained by him by reason of the defendants' failure to do so, notwithstanding the property was destroyed by fire. A few authorities may be cited in support of this holding. In *Hoy* v. *Holt*, 91 Penn. St. 88 : 36 Am. Rep. 659, it is held, that, where, in a lease, there is an express and unconditional agreement to repair and keep in repair, the

tenant is bound to do so, though the premises be destroyed by fire or other accident. In *Phillips* v. *Stevens*, 16 Mass. 238, it is held, that, where a lessee covenants to keep the demised premises in repair, and, at the termination of the lease, to surrender them in as good condition as they were at the date of the lease, if the buildings are destroyed by fire during the term without the fault of the tenant, he will be bound to rebuild them. Chitty, in his work on contracts, p. 359, lays down the same rule. In *Polack* v. *Pioche*, 35 Cal. 416: 95 Am. Dec. 115, and in *Linn* v. *Ross*, 10 Ohio 412, the holdings are to the same effect.

*Judgment affirmed.*