ELIZA E. ABBOTT *v.* JOHN D. SANDERS ET UX.

November Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed January 7, 1910.

*Chancery—Appeal—Only From Final Decree.*

There can be no appeal in chancery except from a final decree.

Where leave was granted oratrix to answer the cross-bill within thirty days, and decree ordered for defendants in default of such answer within that time, the decree was not final, so as to be appealable, until the expiration of the thirty days; and the fact that the appeal was taken under P. S. 1318, providing for an appeal from an order allowing an amendment after remand, and not under P. S. 1307, allowing appeals generally, was immaterial.

APPEAL IN CHANCERY. Heard on defendant's cross-bill and plea of oratrix thereto at the December Term, 1909, Addison County, *Stanton,* Chancellor. Plea adjudged insufficient, and leave granted the oratrix to answer the cross-bill within thirty days, and in default thereof decree to pass for the defendants according to the prayer of the cross-bill. Within the thirty days the oratrix appealed. This case has been once before in Supreme Court; see 80 Vt. 160.

*William H. Bliss* for the oratrix.

The decree in question is final and appealable. P. S. §§1317, 1318; *Barker* v. *Belknap,* 27 Vt. 700; *Gale* v. *Butler,* 35 Vt. 449; *Bailey* v. *Holden,* 50 Vt. 14; *Blair* v. *Ritchie,* 73 Vt. 109; *Canerdy* v. *Baker,* 55 Vt. 578; *Stewart* v. *Flint,* 57 Vt. 216; *Sherman* v. *Windsor Mfg. Co.,* 57 Vt. 57; *Guilmont* v. *C. V. Ry. Co.,* 82 Vt. 266; *Sheldon* v. *Clemons,* 82 Vt. 169.

The Supreme Court in its former decision covered the whole case, and the chancellor had no power to change this decree by allowing a cross-bill. *Sortwell* v. *M. & W. R. R. Co.,* 56 Vt. 180. That decision must stand and cannot be reviewed. *Sherman* v. *Estey Organ Co.,* 69 Vt. 355; *Dietrich* v. *Hutchinson,* 75 Vt. 389.

*James B. Donoway* for the defendants.

PER CURIAM. The oratrix, Eliza Abbott, deeded her home place to the defendant, John Sanders, by a deed conditioned for her support. The place was then subject to a mortgage of about $300, which, by the terms of the conditional deed, Sanders was to pay. He took possession under the deed, paid the mortgage, and entered on the performance of his contract for the oratrix's support. They soon had trouble and the oratrix, claiming a breach of the conditions of the deed, brought the original . bill herein asking for a decree of foreclosure. The defendants filed an answer, therein incorporating a demurrer. They also, in effect, asked leave to file a cross-bill to recover the amount paid on the mortgage in case their demurrer should be overruled. The demurrer was brought on for hearing and overruled, *pro forma,* and a decree rendered for the oratrix according to the prayer. On the defendants' appeal, this decree was affirmed. *Abbott* v. *Sanders,* 80 Vt. 180, 66 Atl. 1032, 13 L. R. A. (N. S.) 725. On remand, the defendants asked leave to file a cross-bill to recover the amount paid on the mortgage, which was granted (subject to oratrix's objection) on condition that defendants vacated the premises within 30 days from rising of court. The defendants surrendered possession within the time, and the oratrix pleaded to the cross-bill that all questions therein involved were litigated and decided by the final decree above referred to. This plea was, on hearing, overruled and leave was granted to the oratrix to answer the cross-bill within 30 days from the filing of the order, and in default thereof, decree was to pass for the defendants according to the prayer of the cross-bill. Within the 30 days, the oratrix appealed; it is this appeal which we are asked to consider.

It is apparent that at the time this appeal was taken, there was no final decree. Indeed, by its very terms, the decree could not become final until the expiration of the 30 days; and then, only in case the defendants failed to answer the cross-bill within that time. If the oratrix desired to test the sufficiency of her plea, she should have waited until the decree became final, for it is only from such decrees that appeals lie. *Taft* v. *Mossey's Admr.,* 77 Vt. 165, 59 Atl. 166. We are reminded that this appeal is taken under P. S. 1318 rather than P. S. 1307, but the

result is the same, for under the former section appeals lie "as in such original action."

The case, then, is not properly in this Court, but remains in the court of chancery for such further proceedings as may regularly be there taken. In such cases, this Court does not wait for the parties to object, but acts of its own motion. *Nelson* v. *Brown,* 59 Vt. 600, 10 Atl. 721.

*Appeal dismissed.*