GEORGE TUDOR *v.* A. CROSBY KENNETT AND H. S. MUDGETT.

Special Term at Brattleboro, February, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed November 13, 1914.

*Appeal in Chancery—Construction of Decision on Review— Leave to File Answer After Remand on Review of Decree Overruling Demurrer to Bill—Appealable Orders—Interlocutory Order.*

On an appeal in chancery from a decree for orator, entered after overruling defendants' demurrer to the bill, where it was contended by defendants that, if the decree was affirmed, it should be with leave to file an answer, and by orator that it should be remanded for an accounting only, the judgment of this Court, which was, "Decree affirmed and cause remanded," without passing on those contentions, left the matter of new or amended pleadings with the court of chancery, or a chancellor, under P. S. 1317.

An order of the court of chancery, under P. S. 1317, permitting defendants to file an answer after remand upon affirmance of a decree for orators, entered after overruling of defendants' demurrer to the bill, is merely interlocutory, and so no appeal lies therefrom.

APPEAL IN CHANCERY, Windham County. Heard at Chambers, on December 20, 1913, after remand as reported in 87 Vt. 99, on the orator's motion that a time and place be fixed for an accounting upon the final decree for the orator, as affirmed on appeal, and on defendants' motion for leave to file their answer. The motion was denied and this was granted. The orator appealed.

*Charles S. Chase* and *William R. Daley* for the orator.

*Barber & Barber* for the defendants.

WATSON, J. This case was heard in the court below on demurrer to the bill, as amended, the demurrer was overruled, the bill adjudged sufficient, and a decree rendered for the orator according to the prayer of the bill. From this decree, defendants appealed. At the hearing in Supreme Court, the defendants asked in their brief, in the event of an affirmance of the decree, that the cause be remanded with leave to the defendants to plead or answer. The orator, in his brief, insisted that the defendants, having elected to proceed under rule sixteen instead of under rule fourteen, of the rules of the court of chancery, had waived their right to answer, and that, if the decree be affirmed, the bill should be taken as confessed, the defendants ordered to account, and the cause remanded for that purpose alone. The case was disposed of by the Supreme Court as follows: "Decree affirmed and cause remanded." On such remand to the court of chancery, the orator moved that a time and place be fixed for an accounting upon the final decree of that court, as affirmed by the Supreme Court, and as prayed for in the bill. The defendants moved for leave to file their answer. The two motions being heard together, the chancellor made an order granting defendants' motion, the orator's motion for an accounting to lie until further order of court. From this order, the orator filed his motion for an appeal, and the case was heard in this Court.

It is urged by the orator that under the mandate from the Supreme Court, the court of chancery could proceed only by way of entering the decree as affirmed, and ordering an accounting; and that it had no power to grant leave to the defendants to file their answer. It is said by defendants that the order from which the orator undertook to appeal, is merely interlocutory and from it no appeal lies.

In affirming the decree and remanding the case, this Court said nothing concerning defendants' request for leave to plead or answer. The disposition of the case was not different in form or substance from what it would have been, had no such request been made. . It follows that the order made did not necessarily involve a ruling upon the request, and whether in fact

that question was determined does not appear to that degree of certainty necessary to constitute an estoppel. *Gray* v. *Pingry,* 17 Vt. 419, 44 Am. Dec. 343; *Aiken* v. *Peck,* 22 Vt. 255; *Tarbell* v. *Tarbell,* 57 Vt. 492; *Priest* v. *Foster,* 69 Vt. 417, 38 Atl. 78. The case standing in this way on remand it was by statute within the power of the court of chancery or a chancellor to permit the defendants to file their answer. P. S. 1317. And the order granting such permit was interlocutory in nature, from which no appeal lies. The case is therefore not in this Court. *Abbott* v. *Sanders,* 83 Vt. 165, 74 Atl. 1058.

*Appeal dismissed.*