NAT. D. PAGE *v.* NATHANIEL C. PAGE'S ADMINISTRATOR, LOIS GRACE (PAGE) BROWN AND RUSSELL BROWN.

January Term, 1917.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed January 18, 1917.

*Equity—Demurrer—Decree—Test of Finality—Appeal—When Supreme Court Will Dismiss Case of Its Own Motion.*

An order overruling a demurrer to a bill in equity and giving the demurrant leave to replead is not a final order or decree from which an appeal may be taken, under P. S. 1307.

The test of the finality of a decree in chancery from which an appeal lies is that it settles the rights of the parties on the issues made by the pleadings.

When it appears on the fact of the papers that an equity case is not properly in Supreme Court, the Court will act of its own motion and dismiss the appeal.

BILL IN EQUITY, brought to confirm the title of the orator in certain real estate and personal property and praying for an injunction restraining the defendants from interfering with his possession thereof. Heard on the demurrer of the defendant Russell Brown, in vacation after the March Term, 1916, Washington County, *Butler,* Chancellor. Decree, overruling the demurrer, with leave to the defendant to replead. The defendant filed a motion for an appeal. The opinion states the case.

*H. William Scott* and *John W. Gordon* for the plaintiff.

*Edward H. Deavitt* for the defendant, Russell Brown.

TAYLOR, J. By his bill plaintiff seeks a decree confirming his title to certain real estate and personal property and an injunction restraining the defendants from interfering with his possession of the same. Defendants Cave and Lois G. Brown severally filed answers, that of the former containing special matter going to the merits of the bill in lieu of a formal plea. Defendant

Russell Brown filed a formal demurrer to the bill. The case was brought on for hearing on the demurrer alone, which was overruled and the demurrant given leave to replead. Without proceeding further in the court of chancery this defendant alone filed a motion for an appeal and the case has been argued as though here on the appeal.

But the motion was ineffectual to bring the case to this Court. The chancellor's order disposing of the demurrer was not a final order or decree in the case; and it is only from such an order or decree that an appeal is authorized. P. S. 1307; *Tudor* v. *Kennett*, 88 Vt. 292, 92 Atl. 213; *Vermont Savings Bank* v. *Bailey*, 87 Vt. 220, 88 Atl. 561; *McArthur* v. *Blondin*, 86 Vt. 62, 83 Atl. 468; *Abbott* v. *Sanders*, 83 Vt. 165, 74 Atl. 1058; *Taft* v. *Mossey's Estate*, 77 Vt. 165, 59 Atl. 166; *Lamoille Co. Sav. Bk. & Tr. Co.* v. *Buck*, 69 Vt. 369, 38 Atl. 62; *Ludlow Savings Bank & Trust Co.* v. *Knight*, 91 Vt. 172, 99 Atl. 633. The test of finality of a decree in chancery from which an appeal lies is that it disposes of the merits of the cause,—settles the rights of the parties on the issues made by the pleadings. *Nelson* v. *Brown*, 59 Vt. 600, 10 Atl. 721.

The case then is not properly here, but remains in the court of chancery awaiting further proceedings. This fact appearing on the face of the papers, we do not wait for the parties to object; but this Court must act of its own motion. *McArthur* v. *Blondin, supra; Abbott* v. *Sanders, supra.*

*Appeal dismissed.*