BACKUS, Commissioner of Immigration, v. YEP KIM YUEN.

(Circuit Court of Appeals, Ninth Circuit.   October 11, 1915.)

No. 2562.

HABEAS CORPUS ⊂⊃113—APPEAL—APPEALABLE ORDER.
        Appeal will not lie from the order overruling a demurrer to the petition
    for habeas corpus, but only from the order discharging from custody.
        [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 102–115;
    Dec. Dig. ⊂⊃113; Appeal and Error, Cent. Dig. §§ 150, 364, 461.]

Appeal from the District Court of the United States for the First
Division of the Northern District of California; Maurice T. Dooling,
Judge.

Habeas corpus by Yep Lung Gon, on behalf of Yep Kim Yuen,
against Samuel W. Backus, as Commissioner of Immigration at the
Port of San Francisco.   From an adverse order, respondent appeals.
Appeal dismissed.

The petitioner, Yep Lung Gon, alleges that he was born in the United States
and is a citizen thereof; that such citizenship has been judicially determined
by a judgment of the District Court of the United States for the Dis-
trict of California, in the matter of Yep Lung Gon (No. 90,071), made
and entered on the 9th day of January, 1890; that Yep Kim Yuen, in
whose behalf the petition is made, is the minor son of petitioner, and is
a citizen of the United States; that he is unlawfully imprisoned and re-
strained of his liberty by the Commissioner of Immigration at the port of San
Francisco, and is about to be deported from the United States to China; that
he arrived at the port of San Francisco by steamer from China in the month
of September, 1913, and made application to the Commissioner of Immigra-
tion to be admitted into the United States as a citizen thereof, and as the
minor son of the petitioner; that he was given a hearing by the immigration
authorities touching his right to enter the United States as a citizen thereof,
and as the minor son of petitioner; that upon said hearing testimony was sub-
mitted bearing on the question of his parentage, and testimony and documen-
tary evidence were submitted bearing upon the question of his citizenship;
that thereupon the Commissioner found that the appellee was not the son of
petitioner, and was not a citizen of the United States by reason of such
alleged paternity of petitioner.   Upon such finding the Commissioner of Im-
migration denied Yep Kim Yuen the right of admission into the United
States; that thereupon an appeal on behalf of Yep Kim Yuen was taken to
the Secretary of Commerce and Labor; the petition alleges, on information
and belief, that the Secretary of Commerce and Labor reversed the deci-
sion of the Commissioner of Immigration in the finding that Yep Kim Yuen
was not the son of petitioner, and instructed the Commissioner to investigate
the identity of the petitioner, Yep Lung Gon, and find out and determine
whether he was the same person who was judicially determined by the judg-
ment of the District Court to be a citizen of the United States; that there-
upon the Commissioner of Immigration did investigate the identity of the pe-
titioner, and did find and determine that he was the same person who had
been judicially determined to be a citizen of the United States, and said
Commissioner reduced such investigation to writing and forwarded the record
of the same to the Secretary of Labor (who had become, under the law, the
successor of the Secretary of Commerce and Labor); that said record clearly
established the right of Yep Kim Yuen to enter the United States and to re-
side therein; that the petitioner is informed and believes, and therefore
alleges the fact to be, that the Secretary of Labor refused, failed, and neglect-
ed to consider the testimony and the evidence contained in such record and

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the findings and determination of said Commissioner of Immigration, but did without reason consider other matters which were never incorporated in any record made or produced at the port of San Francisco, the exact nature of which matters is unknown to the petitioner and to said Yep Kim Yuen, and that neither of them had or were given an opportunity to rebut, deny, explain, or overcome such matters; that thereafter the Secretary of Labor denied the said Yep Kim Yuen the right to enter the United States, and ordered the said Commissioner to deport the said Yep Kim Yuen to China; that, the said petitioner and Yep Kim Yuen having exhausted their said remedies before the Secretary of the Department of Labor, the petitioner, on behalf of the said Yep Kim Yuen, applied to the District Court of the United States for the writ of habeas corpus involved in this opinion. To the petition for the writ the government interposed a demurrer, on the ground that the petition did not state facts sufficient to entitle the petitioner to the writ. There was a hearing before the court on the demurrer on April 1, 1914, and on that date the demurrer was overruled, and the writ of habeas corpus was issued as prayed for. Thereafter, on April 14, 1915, Yep Kim Yuen was produced in court, but no return was made to the writ by the officer having him in custody, and no answer by way of traverse, denial, or otherwise was made with respect to the allegations of the petition. Thereupon the court discharged Yep Kim Yuen from the custody, and the government took the present appeal.

John W. Preston, U. S. Atty., and Casper A. Ornbaum, Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

Catlin, Catlin & Friedman and Lucius L. Solomons, all of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). It appears from a statement contained in the briefs that upon the submission of the demurrer to the court below the attorney for the government handed to the court certain documents and memoranda of the Bureau of Immigration relating to this case. These documents and memoranda are not in the present record, and what relevancy they had to the question raised by the demurrer does not appear; but the appellant seeks to have this appeal determined, not upon the sufficiency of the petition, but upon recitals contained in these documents and memoranda. The petition for appeal to this court is from the order of the District Court of April 1, 1914, overruling the demurrer to the petition for writ of habeas corpus and granting the petition for the writ. The order of the court allowing the appeal recites that it is an appeal as "prayed for," and the notice of appeal served upon the appellee is an appeal "from the order and judgment rendered, made and entered herein on the 1st day of April, 1914, overruling the demurrer to the petition for writ of habeas corpus filed herein." There is no appeal from the order of the court discharging Yep Kim Yuen from custody, which is the only order and judgment from which an appeal would lie in this case.

The appeal is accordingly dismissed.