## UNITED STATES ex rel. PATTI et al. v. CURRAN, Immigration Com'r.

Circuit Court of Appeals, Second Circuit. April 4, 1927.

No. 193.

1. Appeal and error ⊜⇒792—Of its own motion, Circuit Court of Appeals should consider whether order appealed from is final order.

The Circuit Court of Appeals of its own motion should consider whether order appealed from is a final appealable order.

2. Appeal and error ⊜⇒77(1)—In habeas corpus proceedings by aliens denied right of entry, order sustaining writ, by remanding relators for rehearing under particular statute, held not "final and appealable."

In habeas corpus proceedings involving right of aliens to enter country, order sustaining writ, but remanding relators to custody of Commissioner of Immigration, with directions that they be given a rehearing under a particular statute, held not a final appealable order.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Order.]

Appeal from the District Court of the United States for the Southern District of New York.

Habeas corpus by the United States, on the relation of Giuseppe Patti and another, against Henry H. Curran, as Commissioner of Immigration. From an order sustaining the writ, but remanding relators for rehearing, the Commissioner appeals. Appeal dismissed.

The relators, man and wife, are aliens of Italian nationality who had resided continuously in the United States for upwards of 12 years prior to embarking, on February 17, 1925, for a temporary visit to Italy. They had secured return permits, under section 10 of the Immigration Act of 1924 (Comp. St. § 4289¾e); these permits expiring January 31, 1926. On returning, the relators arrived at the port of New York on February 20, 1926. The board of special inquiry at Ellis Island excluded them from admission on the ground that (1) they were illiterate (both having admitted inability to read); and (2) they were not in possession of unexpired return permits or of nonquota visas. This decision was affirmed by the Secretary of Labor, and the relators ordered deported. Habeas corpus proceedings were thereupon instituted in their behalf against the Commissioner of Immigration. The District Court ordered that the writ "be and the same is hereby sustained," but remanded the relators to the custody of the Commissioner, "with directions that they be given a rehearing under the provisions of the seventh proviso of section 3 of the Immigration Act of 1917 (Comp. St. § 4289¼b), and rule 12(a) of the Rules of July 1, 1925," relating to aliens returning after a temporary absence to an unrelinquished United States domicile of seven consecutive years. An appeal was taken by the Commissioner of Immigration.

Emory R. Buckner, U. S. Atty., and Charles Lincoln Sylvester, Asst. U. S. Atty., both of New York City, for appellant.

Gaspare M. Cusumano, of New York City, for appellees.

Before HOUGH, MANTON, and SWAN, Circuit Judges.

PER CURIAM. The questions argued on this appeal relate to the proper construction of certain sections of the Immigration Act of 1924 (Comp. St. § 4289¾ et seq.) and to the validity of portions of the Immigration Rules of 1925 and of Executive Order No. 4125. For reasons hereafter stated, we do not think we have jurisdiction to pass upon these questions.

[1, 2] No question has been raised by either party as to whether the order appealed from is a final order. But, as the court's appellate jurisdiction extends only to final decrees, the court's duty is to consider the matter sua sponte when the problem presents itself. Collins v. Miller, 252 U. S. 364, 40 S. Ct. 347, 64 L. Ed. 616. An order which either discharges the writ or discharges the relator is final. This order does neither. It "sustains" the writ but remands the relators to the custody whence they came in order that a rehearing may be had. What fate has befallen them on that rehearing we do not know. Should we affirm the order, the relators might still be held for deportation, and further proceedings would be required in the District Court

to determine whether they should be discharged. Such further order might likewise be appealed. The record upon which the court acts in ordering their release from or continuance in custody ought to be brought up for review as an entirety, not piecemeal. On the authority of Collins v. Miller, supra, we feel constrained to dismiss the appeal. See, also, Backus v. Yep Kim Yuen, 227 F. 848 (C. C. A. 9th).

Appeal dismissed.

HOUGH, Circuit Judge, owing to absence, has not seen this opinion, but he concurred in the result.