Mr. Chief Justice TANEY
 

 delivered the opinion of the court.
 

 This case has been brought here by a writ of error to he Supreme Court of the Territory of Iowa. A motion has'been made to dismiss the writ upon several grounds, and among others, upon the ground that the judgment of the Territorial court is not a final one ; and therefore, under the act of June 12, 1838, ch. 96, § 9 (5 Statutes at Large, 238), caonot'be brought here for revision by writ of v.rror.
 

 It appears that an information in the. nature pf a
 
 quo warranto
 
 was" filed by the United'States in the District Court of Iowa, against certain persons named in the information, who are now the plaintiffs in error, charging them with having used the liberties and
 
 *214
 
 franchises of President, Directors, and Company of the Miners’ Bank of Dubuque, without any lawful authority ; and calling upon them to show by what .warrant they claim the right to use the liberties and franchises aforesaid.
 

 The plaintiffs in error appeared, and pleaded that the privileges and franchises which they were exercising were conferred on them by a charter of incorporation, duly passed by the proper authority, which is more particularly set forth in the plea, but need not be here stated.
 

 To this plea, the defendant in error replied, that the act of incorporation conferring the privileges in question was repealed by the legislature of Iowa.; and the plaintiffs in error rejoined, averring that the repealing law was passed without any notice to them, or any opportunity afforded them of being heard in their defence, and without any evidence of the abuse and misuse of any of the liberties and franchises in question. To this rejoinder the defendant in error demurred, and the plaintiffs joined in demurrer, and at the trial of the case, the following judgment was given by the court: —
 

 ‘1
 
 It appears to the court that the said rejoinder, and the matters therein contained, are not sufficient in law to bar or preclude the said plaintiffs from having and maintaining their aforesaid information thereof against the said defendants, and that said demurrer ought to be sustained.
 

 “ Therefore it is ordered by the court here, that the said defendants take nothing by their saidf rejoinder, and that they have leave to amend or answer over to the said plaintiffs’ replication, by Monday morning next, at the meeting of the court.”
 

 No amendment, however, appears to have, been made, nor any further proceeding to have been had in the District Court; but upon the judgment above stated the case was removed to the Supreme Court of the Territory, where the judgment of the District Court was affirmed, and a
 
 procedendo
 
 awarded.
 

 It is evident that this judgment is not a final one against the plaintiffs in error. It merely decides, that the rejoinder and the matters therein contained are not sufficient to bar the'information, and that the demurrer ought to be sustained, and that the plaintiffs in error take nothing by their rejoinder. But there is no judgment of ouster against them, nor any thing in the judgment which prevents them from continuing to exereise the liberties and privileges which the information charges them to have usurped. In order to make the decision a final one, the court, under the opinion expressed by them, should have proceeded, to adjudge that the plaintiffs in error do not in any manner use' the privileges and. franchises in question, and that they be for ever absolutely forejudged and excluded from exercising or using the same, or any of them, in future. And we presume that the Supreme Court of the Territory awarded the
 
 procedendo
 
 to the District Court in order to enable it to pro
 
 *215
 
 ceed to final judgment, the Supreme Court having no power to give a judgment of ouster, in the shape in which the case came before it.
 

 Inasmuch, therefore, as there has been no final judgment, the writ of error from this court must be dismissed for want of jurisdiction. And being dismissed on this ground, it is unnecessary to •examine the other objections which have been taken in support of the motion.
 

 Order.
 

 This cause came on to be heard on the transcript of the record from the Supreme Court of the Territory of Iowa, and was argued by counsel. On consideration whereof, and it appearing to the court here upon an inspection of said transcript that the judgment of the said Supreme Court is not a final one in the case, it is thereupon now here ordered and adjudged by this court, that this writ of error be and the same is hereby dismissed for the want of jurisdiction.