## MISSOURI & KANSAS INTERURBAN RAILWAY COMPANY *v.* CITY OF OLATHE, KANSAS.

### ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 726.   Motion to dismiss.   Submitted November 13, 1911.—Decided December 4, 1911.

Unless it appears from the record that the judgment sought to be reviewed finally determines the cause this court is without jurisdiction.

Where the judgment sought to be reviewed affirms the judgment below but merely sustains the demurrer without dismissing the suit, so that the cause is left standing in the lower court for further proceedings, it is not a final judgment reviewable by this court.

THE facts are stated in the opinion.

*Mr. Frank Doster, Mr. A. F. Hunt, Jr., Mr. A. M. Harvey* and *Mr. J. E. Addington,* for plaintiffs in error.

*Mr. Stephen H. Allen* for defendant in error.

Memorandum opinion by direction of the court.   By MR. JUSTICE HUGHES.

*Motion to dismiss.*   This suit was brought by the Railway Company, plaintiff in error, against the City of Olathe, Kansas, in the district court of Johnson County,

in that State, to recover damages caused by the repeal of an ordinance authorizing the use of certain streets of the city for an interurban railway and by the consequent prevention, until the passage of a new ordinance, of its construction and operation. The defendant demurred to the petition upon the ground that it did not state facts sufficient to constitute a cause of action. The District Court sustained the demurrer, and its decision was affirmed by the Supreme Court of the State. And this writ of error is brought.

The record fails to disclose a final judgment. The Supreme Court affirmed the judgment of the lower court, but this merely sustained the demurrer without dismissing the suit. The Supreme Court did not direct its dismissal, but the cause was left standing in the court below for such proceedings as might be had according to law after the decision on the demurrer, either by amendment of the petition or entry of final judgment.

As it does not appear from the record that the judgment sought to be reviewed was one which finally determined the cause, this court is without jurisdiction. *Miners' Bank of Dubuque* v. *United States*, 5 How. 213; *McComb, Executor*, v. *Commissioners of Knox County*, 91 U. S. 1; *Great Western Telegraph Company* v. *Burnham*, 162 U. S. 339; *Haseltine* v. *Central Bank of Springfield*, 183 U. S. 130.

*Dismissed.*