## EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES v. RAYL.

(Circuit Court of Appeals, Eighth Circuit. November 15, 1926.)

No. 7117.

1. **Courts ☞405(2)—Circuit Court of Appeals must ascertain whether proper jurisdiction appears in record.**

When case is submitted to Circuit Court of Appeals, it has duty to ascertain whether proper jurisdiction appears from record.

2. **Courts ☞310—Federal jurisdiction for diversity of citizenship held not to appear in record showing disclaimer by resident defendant, but no order eliminating it from controversy.**

Record, in suit by Kansas citizen against Kansas corporation and nonresident parties, wherein Kansas corporation filed disclaimer, disavowing any interest, but no order was made elminating it from controversy, and final decree specifically included it, *held* not to show federal court had jurisdiction on diversity of citizenship.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Suit by Thomas A. Rayl against the Equitable Life Assurance Society of the United States and others. Decree for plaintiff, and defendant named appeals. Reversed, with directions.

John L. Hunt, of Topeka, Kan. (Bennett R. Wheeler and S. M. Brewster, both of Topeka, Kan., on the brief), for appellant.

John M. Martin, of Los Angeles, Cal., and C. M. Williams and D. C. Martindell, both of Hutchinson, Kan., for appellee.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

STONE, Circuit Judge. [1] When this case was argued and submitted to this court, it scanned the record, as was its duty to do, to ascertain whether proper jurisdiction appeared therein. Convinced that no such jurisdiction appeared but apprehending that the parties might not have had this matter in mind and, in consequence, might have omitted from that record something which would bear upon the jurisdiction of the trial court (as a federal court) but which had no bearing upon the merits which they were presenting here, the court set aside that submission "with leave to the parties to file such additional portions of the record as they may desire to show the jurisdiction of the trial court. The parties may stipulate that this cause may be resubmitted to the judges who heard the same without further briefs or argument, after the filing of the additional portions of the record from the District Court." An additional transcript has been filed and the case resubmitted.

[2] We have carefully examined the entire record, including the new matter, and are constrained to find that such jurisdiction does not appear—in fact, that the lack of jurisdiction affirmatively appears therefrom. The sole claim of federal jurisdiction is diversity of citizenship. Appellee, Thomas A. Rayl, filed his petition in the district court of Reno county, Kansas, against the defendants following:

"The Central Trust Company, a corporation, Topeka, Kansas; Equitable Life Assurance Society of New York; C. M. Smith, and George E. Ricker, a copartnership doing business as Smith & Ricker; Troost Avenue Bank of Kansas City, Mo.; the Park National Bank of Kansas City, Mo.; the First National Bank of Independence, Mo.; Southwest Boulevard State Bank of Kansas City, Mo.; the United States National Bank of Red Lodge, Montana; the Quincy National Bank of Quincy, Ill.; and State Street Bank & Trust Company of Quincy, Illinois, Defendants."

Therein he alleged that he was then and for seven years theretofore had been the owner in actual, continuous, open, notorious, peaceable, quiet and undisputed possession of a described 160 acres of land; that about seven years before the petition was filed, his father (while holding the record title to the land under a verbal trust agreement between his father and mother for his benefit) had, for the purpose of executing that agreement, verbally given the land to him and delivered possession thereof to him; that he had since made valuable permanent improvements thereon and had remained in possession and control; that more than four years after such gift and possession began and more than one year after such improvements had been placed thereon, his father had, without his knowledge or consent, executed and delivered to the defendant, the Central Trust Company of Topeka, Kansas, a mortgage covering this land; that, thereafter, the mortgage was assigned to the

Equitable Life Assurance Society; that such mortgage is void and "that said claim of said defendants of an interest in said property by virtue of said pretended mortgage" is a cloud upon the title of plaintiff; that some months after this above mortgage had been executed and delivered, his father had, without his knowledge and consent, executed and delivered another mortgage covering this land to defendants, Smith and Ricker; that, thereafter, this later mortgage was assigned to the defendants, Troost Avenue Bank of Kansas City, Missouri, the Park National Bank of Kansas City, Missouri, the First National Bank of Independence, Missouri, Southwest Boulevard State Bank of Kansas City, Missouri, the United States National Bank of Red Lodge, Montana, the Quincy National Bank of Quincy, Illinois, and the State Street Bank & Trust Company of Quincy, Illinois; that this mortgage is void but that "said claim of said defendants of an interest in said property by virtue of said pretended mortgage" is a cloud upon plaintiff's title; that "said defendants and each of them claim an interest in said property adverse to the plaintiff" but have no legal interest therein. The prayer was as follows:

"Wherefore, plaintiff prays that all adverse claims of the defendants and each of them may be determined by decree of court. That all of said mortgages mentioned in plaintiff's petition may be declared null and void and that by decree it be declared that defendants have no estate or interest whatever in said property. That the title of plaintiff be declared good and valid and that defendants be forever barred and excluded from asserting any claim of right, title or interest whatever to said property and for such other and further relief as may be equitable and just."

The above petition was filed January 13, 1923. February 9, 1923, the Central Trust Company of Topeka, Kansas, defendant, filed an "Answer and Disclaimer" as follows:

"That on or about the first day of May, 1920, one Levi Rayl, who was the then record owner of the legal title to the property described in the plaintiff's petition, made, executed and delivered to this answering defendant his certain promissory note for nine thousand dollars ($9,000.00), and secured the payment thereof by a mortgage covering the real estate described in the plaintiff's petition. That said mortgage was duly filed for record in the office of the register of deeds of Reno county, Kansas, on the 25th day of May, 1920, and duly recorded in volume 142, page 101.

"That thereafter and on or about the 28th day of May, 1920, and before the maturity of said note, this defendant indorsed said note without recourse and assigned the mortgage securing the same to the Equitable Life Assurance Society of the United States, New York City, New York. That ever since the said 28th day of May, 1920, this defendant has had no interest in said note or mortgage securing the same and has no interest in said note or mortgage at this time and therefore disclaims any interest in the real estate set out and described in the plaintiff's petition.

"Wherefore, plaintiff prays judgment for its costs herein."

March 20, 1923, all of the defendants, except the Central Trust Company of Topeka, Kansas, filed a joint petition for removal alleging that plaintiff was a citizen and resident of Kansas; that such defendants were citizens and residents of states other than Kansas; "that the defendant the Central Trust Company was, at the time said suit was begun, and is at the present time, a corporation duly created, organized and existing under and by virtue of the laws of the state of Kansas, but said defendant has no interest in said action or the matters in dispute therein, or in any of the property described in plaintiff's petition, and has filed its answer disclaiming any interest of any name or nature in the same, or in the property described therein, and the interests controverted by said plaintiff are wholly and solely held and are the property of the above named petitioners, Equitable Life Assurance Society of New York, G. M. Smith and George E. Ricker, a copartnership doing business as Smith & Ricker, Troost Avenue Bank of Kansas City, Missouri, the Park National Bank of Kansas City, Missouri, the First National Bank of Independence, Missouri, Southwest Boulevard State Bank of Kansas City, Missouri, the United States National Bank of Red Lodge, Montana, the Quincy National Bank of Quincy, Illinois, and State Street Bank & Trust Company of Quincy, Illinois." March 21, 1923, a removal order was made by the state court.

The Equitable Life Assurance Society answered separately admitting execution and delivery of the mortgage to the Central Trust Company; assignment for value to it as an innocent purchaser; denied specifically the other material allegations of the petition; asserted knowledge on the part of plaintiff and, therefore, pleaded estoppel and alleged fraud. The other corporation defendants (except the Central Trust Company) answered jointly, as to the later mortgage, to the same effect as

the Equitable. Smith and Ricker answered separately that prior to this suit they had sold and transferred the notes, secured by the later mortgage, without recourse and disavowed any interest therein.

The cause was referred to a master who made special findings, stated conclusions of law and found that title should be quieted in the plaintiff. Among the findings was one that the earlier mortgage had been executed and delivered to the Central Trust Company to secure a loan evidenced by a note and that "such note and mortgage were indorsed and assigned to the Equitable Life Assurance Society in the regular course of business." The only exceptions to the report of the master shown in the record are filed by the Equitable. The final decree is as follows:

"Final Decree of District Court, March 25, 1925.

"Be it remembered, that this cause came on for hearing upon the exceptions of the defendants, the Central Trust Company, a corporation, and the Equitable Life Assurance Society, a corporation, to the report of Special Master Aaron Coleman and for final hearing and judgment in chambers at Kansas City, Kansas, as heretofore agreed upon by counsel for the plaintiff and defendants; the plaintiff appearing by his attorney, C. M. Williams, and the defendants, the Central Trust Company and the Equitable Life Assurance Society by their attorneys, Hamilton & Hamilton and Charles Blood Smith, and the other defendants appearing by ——— Brown, their attorney:

"Whereupon, the exceptions to the findings of fact and conclusions of law of Special Master Aaron Coleman by the defendant were taken up, and oral argument made by the respective counsel. Said matter was thereupon taken under advisement by the court, with permission for counsel for plaintiff and defendants to submit typewritten briefs to the court.

"Afterwards, the court having received and considered the typewritten briefs of counsel for the plaintiff and the defendants upon the report, findings of fact and conclusions of law of Special Master Aaron Coleman, and the court being fully advised in the premises:

"It is ordered and adjudged that the exceptions and each and all of them to the report of Special Master Aaron Coleman filed by the said defendants be and the same is each overruled, and said report duly confirmed in all respects.

"It is further ordered that the findings of fact by Special Master Aaron Coleman be sustained and held to be supported by the evidence in the case.

"It is further ordered, adjudged and decreed by the court that the plaintiff, Thomas A. Rayl, is the legal and equitable owner of the northeast quarter (NE¼) of Section Nine (9) Township Twenty-three (23) Range Six (6) West of the 6th P. M. Reno County, Kansas, free and clear of the mortgage liens and other liens of the defendants.

"It is further ordered and adjudged by the court that the title of the said Thomas A. Rayl to the said real estate be quieted against the defendants, the Central Trust Company, a corporation of Topeka, Kansas, Equitable Life Assurance Society of New York, G. M. Smith and George E. Ricker, a copartnership doing business as Smith & Ricker, the Troost Avenue Bank of Kansas City, Missouri, the Park National Bank of Kansas City, Missouri, the First National Bank of Independence, Missouri, the Southwest Boulevard State Bank of Kansas City, Missouri, Quincy National Bank of Quincy, Illinois, the United States National Bank of Red Lodge, Montana, and State Street Bank & Trust Company of Quincy, Illinois.

"It is further ordered and adjudged that the defendants pay the costs of this action, including a fee to the Special Master, Aaron Coleman, in the sum of two hundred and no/100 dollars ($200.00); that, if the defendants fail to pay the costs within a reasonable time after the filing of this decree, execution shall then issue for the payment of the same.

"John C. Pollock, Judge.

"O. K.

"John Martin,
"Williams & Martindell,
"Atty. for Plff.

"O. K.

"Charles Blood Smith
"Atty. for Deft.

"Filed in U. S. District Court March 25, 1925."

As appears from this final decree, there were exceptions of the defendant, the Central Trust Company which were before the court. At any rate, the decree was as much against the Central Trust Company as it was against the Equitable.

The matter as to parties stands thus: The action was filed by a citizen of Kansas against various defendants, one of which was a Kansas corporation (the Central Trust Company); that company answered, disavowing any interest; no claim of fraudulent joinder or separable controversy appears in the removal

proceedings; no order was made eliminating that company from the controversy; no specific finding as to its lack of legal interest is made by the master; the final decree specifically includes that company and grants against it the relief sought in the petition against it. Upon this record, that company remained a party throughout the suit and relief was accorded against it. In this situation we have no choice and must hold that the necessary diversity of citizenship to give federal jurisdiction was lacking. The decree must be reversed for want of jurisdiction in the trial court as a federal court, with instructions to set aside the decree and remand the cause to the state court from which it was removed.

It is so ordered.