### DYAR v. McCANDLESS.

Circuit Court of Appeals, Eighth Circuit.
June 28, 1929.

No. 8465.

Wallace E. Purdy, of Brookings, S. D., for appellant.

M. G. Luddy, of Sioux Falls, S. D., for appellee.

Before BOOTH, Circuit Judge, and SANBORN and DEWEY, District Judges.

BOOTH, Circuit Judge. This is an appeal from an order striking out an answer, and conditionally holding plaintiff entitled to judgment.

Appellee, plaintiff below, brought an action at law against appellant on a promissory note which he had given to the De Smet National Bank March 5, 1926, and which was due May 5, 1926. May 21, 1926, the bank become insolvent, and plaintiff was duly appointed receiver.

Defendant Dyar set up in his answer that on February 13, 1926, the bank had issued four certificates of deposit, payable to the order of J. A. Burkart or Marie B. Burkart, twelve months after date with interest; that at the time of the issuance of said certificates defendant with five others, for a valuable consideration, indorsed the same; that defendant was indebted to the bank at the time, and it was agreed that if defendant was compelled to pay said certificates, or any part thereof, such payment should be credited upon any indebtedness owing by him to the bank; that defendant was compelled to pay said certificates in part. A set-off was demanded in the amounts so paid against the amount claimed in the complaint.

A demurrer was interposed to the answer. By agreement of the parties the demurrer was finally considered as a motion to strike.

Upon consideration of this motion the court entered an order striking out the answer, but providing as follows: "* * * With leave given to the defendant to answer or otherwise plead within twenty (20) days after the service of this order upon his attorney of record, provided that in the event the defendant does not answer or otherwise plead within said time the plaintiff shall be entitled to judgment as prayed for in his complaint." This order was dated and filed August 24, 1928. No judgment was ever entered. The record does not show whether notice of the entry of the order was ever served, or, if served, the date of service.

On October 18, 1928, the present appeal from the order was taken.

The first question which arises is whether the order was appealable. If it was not, this court has no jurisdiction. It is the duty of the court to determine this jurisdictional question. City and County of San Francisco v. McLaughlin (C. C. A.) 9 F.(2d) 390; Highway Const. Co. v. McClelland, 14 F.(2d) 406 (C. C. A. 8); Equitable Life Assur. Soc. v. Rayl, 16 F.(2d) 68 (C. C. A. 8).

It is well settled that an order sustaining a demurrer to a complaint, or granting a motion to dismiss a complaint, without entry of judgment, is not a final order within the meaning of section 128, Judicial Code (28 USCA § 225). Clark v. Kansas City, 172 U. S. 334, 19 S. Ct. 207, 43 L. Ed. 467; Missouri, etc., Ry. Co. v. Olathe, 222 U. S. 185, 32 S. Ct. 46, 56 L. Ed. 155; Morris v. Dunbar (C. C. A.) 149 F. 406; Dickinson v. Sunday Creek Co. (C. C. A.) 178 F. 78; J. W. Darling Lumber Co. v. Porter (C. C. A.) 256 F. 455; City and County of San Francisco v. McLaughlin, supra.

And an order dismissing a counterclaim is not appealable. Radio Corp. of America v. J. H. Bunnell & Co. (C. C. A.) 298 F. 62.

We think it is clear that this court has no jurisdiction to hear the present appeal, and it is accordingly dismissed.