WESTERN ELECTRIC CO., Inc., et al. v. PACENT REPRODUCER CORPORA-
TION et al.

Circuit Court of Appeals, Second Circuit.
January 13, 1930.

No. 169.

Charles Neave, of New York City (William R. Ballard, F. T. Woodward, and H. R. Ashton, all of New York City, of counsel), for appellants.

Kenyon & Kenyon, of New York City (Wm. Houston Kenyon and Theodore S. Kenyon, both of New York City, of counsel), for appellees.

Before SWAN and MACK, Circuit Judges.

SWAN, Circuit Judge. ■ As the jurisdiction of this court depends upon the finality of the order appealed from, it is the duty of the court to consider this question of its own volition, although the appellees have not raised it. Collins v. Miller, 252 U. S. 364, 40 S. Ct. 347, 64 L. Ed. 616; United States ex rel. Patti v. Curran, 18 F.(2d) 953 (C. C. A. 2); City and County of San Francisco v. McLaughlin, 9 F.(2d) 390 (C. C. A. 9).

■ It is impossible to consider this order as immediately making a final disposition of the case. Even though the words used are "Bill dismissed," a condition, though not in form a condition, is attached thereto. "With leave to amend" in substance means "unless" the complainants amend. Clearly the case remains pending in the District Court during the period within which amendment is permitted; and if the plaintiff shall file his amendment within that period, then the case, without further action by the court, will remain pending indefinitely. That a party by his own act may fix the character of the decree—that is, make it final or not, without further action by the court—would seem anomalous, to say the least. We think the order is no more than an order sustaining defendants' motion to dismiss, unless an amendment shall be made, and contemplates and requires another order of absolute dismissal after expiration of the time allowed for amendment, if none has been filed.

■ Such a construction has been given to an order that the bill "shall stand dismissed," unless an amendment be filed (Robertson v. Montgomery Baseball Ass'n, 140 Ala. 320, 37 So. 241; Lide v. Park, 132 Ala. 222, 31 So. 360), and to other decrees conditional upon some action to be taken by a party to the suit (Jones' Adm'r v. Craig, 127 U. S. 213, 8 S. Ct. 1175, 32 L. Ed. 147; City of Paducah, Ky., v. East Tenn. Tel. Co., 229 U. S. 476, 33 S. Ct. 816, 57 L. Ed. 1286). So construed, it is like an order sustaining a demurrer, and is nonappealable. City and County of San Francisco v. McLaughlin, supra; Buch v. Siegel, 31 F.(2d) 1008 (C. C. A. 2); Clark v. Kansas City, 172 U. S. 334, 19 S. Ct. 207, 43 L. Ed. 467; Missouri & K. I. Ry. Co. v. Olathe, 222 U. S. 185, 32 S. Ct. 46, 56 L. Ed. 155. Even if the order were construed as becoming final after the expiration of the time allowed for amendment, if none were filed, it was not final when the appeal was taken, the time for amendment not having expired. Abbott v. Sanders, 83 Vt. 165, 74 A. 1058; and see City of Paducah, Ky., v. East Tenn. Tel. Co., supra. And so far as this record discloses the plaintiffs may have made their amendment, with the result that the bill may still be prosecuted by such one of the plaintiffs as the court considers the proper party plaintiff, and the issues thus litigated may be brought before us by a second appeal. The possibility that the case may thus be brought up in fragments shows that the appeal was not from a final order, for, "if power remain to make a new case, * * * the judgment is not final." Clark v. Kansas City, supra, at page 338 of 172 U. S., 19 S. Ct. 209, 43 L. Ed. 467.

■ Subject to exceptions not here applicable, the rule is that a judgment, to be appealable, should be final, not only as to all the parties, but as to the whole subject-matter and all

the causes of action involved. See Collins v. Miller, supra, at page 370 of 252 U. S., 40 S. Ct. 347, 64 L. Ed. 616.

The foregoing considerations constrain us to dismiss the appeal, without considering the questions which the parties sought to present.

Appeal dismissed.