## FLORIAN v. UNITED STATES.
### No. 7168.

Circuit Court of Appeals, Seventh Circuit.
June 19, 1940.

Rehearing Denied Oct. 16, 1940.

Stephen A. Cross, of Chicago, Ill., for appellant.

Julius C. Martin, Wilbur C. Pickett, and Fendall Marbury, Dept. of Justice, all of Washington, D. C., and Wm. J. Campbell, B. F. Schwartz, U. S. Attys., both of Chicago, Ill., William M. Lytle, Atty. Dept. of Justice, of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order of the District Court entered October 23, 1939, as modified by its order of October. 26, 1939, which order originally and as modified contains certain findings of fact and conclusions of law raised by plaintiff's motion to strike a certain paragraph of defendant's answer, and for summary judgment.

Defendant has moved to dismiss the appeal on the ground that this court is without jurisdiction. It therefore seems important to state the facts as they pertain to the jurisdictional question.

Suit was filed September 7, 1932 upon a $10,000 War Risk Insurance contract issued to William G. Florian, now deceased, in which Anton Florian, his father, was named beneficiary, alleging that the insured became permanently and totally disabled while the insurance was in force. To this petition defendant filed an answer on February 26, 1936, denying the material allegations of the complaint. On December 9, 1937, the plaintiff (executor of the Last Will and Testament of the deceased beneficiary) filed an amended petition, and on February 18, 1938, an additional count. On January 18, 1939, defendant filed an answer to the amended petition and additional count. The additional count, so far as now material, alleged that at the time the insured was discharged from the military service he was suffering from a compensable disability and, that at the time of his death on May 21, 1924 there was due and owing him, and he was entitled to, compensation remaining uncollected in a sum sufficient, if applied to the payment of premiums, to purchase insurance under the provisions of Section 305 of the World War Veterans' Act, June 7, 1924, as amended, 38 U.S.C.A. § 516.

There was no allegation in this additional count that the plaintiff ever became or claimed to be totally and permanently disabled during his lifetime or while his insurance, so revived as alleged by unpaid compensation under the provisions of Section 305, was in force. The defendant, by its answer to the additional count, admitted the allegations thereof, but alleged as an affirmative defense that the insured, prior to his death, was rated as, and as a matter of fact was, permanently and totally disabled; that at such time there was no compensation due him which would revive insurance under the provisions of Section 305. Plaintiff raised the legal sufficiency of this answer by motion to strike and for a summary judgment. The legal question thus presented to the District Court was, whether the defendant could defeat a cause of action by showing that the insured became permanently and totally disabled prior to his death and at a time when no compensation was due him, after admitting there was compensation due him at the time of his death.

It appears from the record that a hearing was had upon the issue thus raised by plaintiff's motion to strike and for summary judgment, at which hearing the court considered evidence presented either by witnesses or by stipulation of the parties. The order complained of includes findings of fact and conclusions of law, which in

some respects go beyond the scope of the issue presented, by the motion to strike. For instance, it was found that on August 23, 1932, the Insurance Claims Counsel of the Veterans' Administration determined that the insured became totally and permanently disabled for insurance purposes on October 22, 1923, and so remained until the date of his death. While this finding, in connection with the defense alleged in defendant's answer, no doubt presents a serious legal question on the merits of the case, it is not material unless we have jurisdiction to consider the appeal.

The court in its original order, in substance, concluded that defendant's answer stated a good defense. It ordered that plaintiff's motion to strike the portion of the answer to which it was directed be denied; that the motion for summary judgment upon said additional count be denied "without prejudice to the rights of the respective parties under the issues made by the additional count and the answer thereto." As stated, the court later entered an order modifying its conclusions as found in its former order. It seems pertinent to quote the following portion of the court's modified order: "From the foregoing facts, the Court concludes that the question as to whether or not the compensation remaining uncollected on the date of the death of the insured is available for the revival of insurance, under Section 305 of the World War Veterans Act of 1924, as amended, in favor of the beneficiary named by the insured, is not determinable at this time for the reason that such determination must depend upon the issue raised by the defendant in its pleading; namely, whether the insured was in fact permanently and totally disabled on October 18, 1923, as alleged by the defendant, prior to the death of the insured and on such issue there has been adduced no proof in this Court by either party, and, therefore, no finding can be made by the Court on the present state of the record on this issue. It is the opinion of the Court that in the event of a finding based on proof that the insured was permanently and totally disabled, as alleged by the defendant, prior to his death, the compensation remaining uncollected at the time of the insured's death, which accrued subsequent to the occurrence of such permanent and total disability, would not be available to revive any insurance as claimed by the plaintiff in its Motion to Strike Portion of Defendant's Answer and for Summary Judgment."

Plaintiff excepted to the entry of this order. No other judgment, decree or order was entered. The next action on the part of the plaintiff was his notice of appeal.

It is conceded, or at any rate not disputed, that our jurisdiction conferred by Section 19 of the World War Veterans' Act, 1924, as amended, 38 U.S.C.A. § 445, is limited by Section 225, 28 U.S.C.A. to a review of "final decisions" except in cases of interlocutory orders as specified in Section 227. It is defendant's position that the order appealed from is neither a "final decision" nor an interlocutory order, while plaintiff contends that it is a "final decision" and, in any event, an interlocutory order. We are convinced that defendant's contention must be sustained. The order plainly discloses that it was not a final adjudication of the issue presented by defendant's answer. It states "and on such issue there has been adduced no proof in this court by either party, and, therefore, no finding can be made by the court on the present state of the record on this issue." It is true the court decided the legal question presented by the motion to strike, which plaintiff argues was in effect a demurrer under the former practice and, that it elected to stand thereby. There is nothing in the record which so discloses, but it is argued that its action in appealing had that effect. Even if it be so considered, still the record is silent as to any judgment which might have been entered upon plaintiff's refusal to further plead.

No authority is cited and we know of none holding that an order denying a motion to strike (demurrer) is a "final decision" so as to be appealable. In Oklahoma K. & M. I. Ry. Co. v. Bowling, 8 Cir., 249 F. 592, 594, it is stated:

"An appeal has also been taken from an order denying a motion to dismiss the plaintiff's petition. The order was not followed by a decree disposing of the case, and is not appealable.

"The order of injunction is affirmed."

This court in Karl Kiefer Mach. Co. v. United States Bottlers Machinery Co., 7 Cir., 108 F.2d 469, on page 470, in considering what constitutes a "final decision" said: "* * * In determining whether a decree or judgment is interlocutory or final, the character of the decree or judgment is an important factor to be considered, and it should be borne in mind that a decree or judgment is the law's last word in a judicial controversy and may be defined as the

final consideration and determination of a court upon matters submitted to it in an action or proceeding * * *."

In Jones v. St. Paul Fire & Marine Ins. Co., 5 Cir., 108 F.2d 123, 125, it is stated: "* * * And to refuse summary judgment, like overruling a motion to dismiss the action, is not a final judgment because the case still stands for regular trial. * * *"

■■ Plaintiff states that a decision of this court in his favor would be final and would end the litigation and, that a decision affirming the trial court would likewise end the litigation, as the plaintiff has elected to stand by his motion. The first part of the statement may be true, but our jurisdiction must depend upon the finality of the action of the court below and not the effect which our decision might have upon the merits of the case. We have already made reference to the second part of plaintiff's statement and it requires no further comment. Plaintiff points out the importance of a decision on the merits and that it was the desire of counsel for both parties, as well as the court below, that such a decision be had. This argument is rather appealing, but beside the point. Our jurisdiction cannot attach in such a manner no matter how desirable or important it be that a decision be had on the merits of the case.

Neither is there any merit in plaintiff's contention that the order in question is interlocutory so as to give us jurisdiction under Section 227. So far as we can see, the order does not pretend in the slightest degree to enjoin or stay plaintiff in any respect.

■ In reaching our conclusion that we are without jurisdiction, we have considered the situation merely as it pertains to the additional count. We do not agree with defendant's argument that a final appealable order could not have been entered with reference to this additional count without disposing of other counts. The counts stated separate causes of action, and by the rules of Civil Procedure, 28 U.S.C.A. following Section 723c, numerous claims may be joined in a single suit, and judgment may be entered upon one claim without disposing of others. Rule 54 (b). Collins v. Metro-Goldwyn Pictures Corp., et al., 2 Cir., 106 F.2d 83, 85; Karl Kiefer Mach. Co. v. United States Bottlers Machinery Co., supra, 108 F.2d page 470. Such rules, however, do not change the requirement that there be a "final decision."

It follows from what we have said that we are without jurisdiction to determine the appeal on its merits. It also follows that the plaintiff is entitled to reply to the defendant's answer to the additional count, or stand by his motion to dismiss and have a final judgment or decree entered thereon and, that the issues presented by other counts remain for disposition.

The motion to dismiss the appeal is allowed and the appeal is dismissed.

## On Petition for Rehearing.

■ In this case we held that we were without jurisdiction and allowed defendant's motion to dismiss the appeal. We concluded that the order appealed from was not a "final decision." On June 27, 1940, after we had thus decided, the District Court entered a nunc pro tunc order amending its order of October 23, 1939, (the order appealed from) disclosing a final decision which apparently gives this court jurisdiction. The parties, by stipulation, agreed that a certified copy of this amended order might be included in the record here. The parties also express not only a willingness but a desire that the case be disposed of upon its merits. While this manner of acquiring jurisdiction is, to say the least, unusual, we are not disposed, in view of the stipulation and attitude of the parties, to invoke any technical reasoning against it.

We shall, therefore, consider and decide the legal question presented upon its merits. In so doing, we do not think it necessary to allow the petition for rehearing for the reason that the legal question has been fully presented by the parties both in their written briefs and oral argument. In our original opinion the facts, as pleaded in the additional count, as well as in the answer thereto, are sufficiently set forth and there is no occasion to repeat in detail.

■■ Briefly, the war risk insurance contract, at the date of the insured's death, May 21, 1924, was in a state of lapse because of non-payment of premiums. On that date, however, there was due and owing him compensation in an amount sufficient, if applied to the payment of premiums, to reinstate his insurance under the provisions of Section 305 of the World War Veterans' Act, June 7, 1924, as amended, 38 U.S.C.A. § 516. Such compensation was due as a result of a compensable disability suffered at the time of his discharge from military service and prior to the date the insur-

ance lapsed by reason of non-payment of premium. As we understand, this situation is conceded by defendant's answer to the additional count. The defense invoked, however, is that the insured became permanently disabled for insurance purposes on October 22, 1923, at a time when no compensation was due and owing, and by reason thereof, the compensation which accrued between such date and the insured's death and due and owing at the latter date, can not be utilized in the purchase or revival of the lapsed insurance.

There is no allegation in the pleadings that the insured claimed permanent and total disability for insurance purposes on October 22, 1923, or at any time, or that any determination was made or consideration given to that question by the Veterans' Administration prior to the insured's death. The answer does allege that on August 23, 1932, the insured was rated as permanently and totally disabled for insurance purposes as of October 22, 1923, and that, as a matter of fact, the insured was so disabled.

The legal question thus presented is whether a rating of permanent and total disability, as of October 22, 1923, made by defendant for the first time in 1932 (8 years after the insured's death), may be invoked at this late date as a defense to an action where there was admittedly compensation due and owing at the time of the insured's death which otherwise would revive or prevent the lapse of such insurance.

Section 305 of the World War Veterans' Act, upon which plaintiff's additional count was predicated, so far as here material, provides: "Where any person has heretofore allowed his insurance to lapse, * * * while suffering from a compensable disability for which compensation was not collected and dies or has died, or becomes or has become permanently and totally disabled and at the time of such death or permanent total disability was or is entitled to compensation remaining uncollected, then and in that event so much of his insurance as said uncollected compensation, * * * would purchase if applied as premiums when due, shall not be considered as lapsed, * * *."

The defense sought to be invoked has not, so far as we are advised, been passed upon by any court. The insurance contract, as pointed out by defendant, insures against two contingencies, (1) permanent and total disability, and (2) death. It appears to be defendant's position that inasmuch as permanent and total disability matures the obligations of the contract, that the incident of death is without significance, and that the contract having matured on October 22, 1923, at a time when no compensation was due, it is immaterial that compensation was due at the date of death.

We think there would be merit in defendant's argument if it, prior to the insured's death, had made an adjudication that the insured was totally and permanently disabled as of October 22, 1923, or even if the insured had made a claim of such disability on or about that time. Such, however, is, not the case. No such claim was made by the insured in his lifetime, nor by his representatives thereafter, and no such contention was made by defendant until years after the insured's death. It is inconceivable to us that Congress could have intended, or that any reasonable construction of the Act permits such a defense. These insurance contracts are for the benefit of the insured's dependents as well as the insured. The death of the insured is an event at which the rights of such dependents become fixed, and it seems to us that no action of defendant taken thereafter should be permitted to destroy them. The unfairness of such a contention is readily apparent. Long after the insured's death, it is proposed to make an issue of his physical condition in 1923. The insured, who perhaps had more knowledge concerning that issue than anyone else, can not now be heard. In addition, due to the long lapse of time, it might be extremely difficult otherwise for plaintiff to properly present his side of such issue. We realize the difficulties which such a defense would present to plaintiff are not controlling, but we think they may be properly considered in construing the statutory provision involved.

While, as stated, there are no cases in point, there are those which, by analogy, afford support to plaintiff's contention. In United States v. Ellison, 4 Cir., 74 F.2d 864, on page 868, an action upon a war risk insurance contract, the court, in discussing the effect which a second rating by the Veterans' Administration had upon rights fixed by a prior rating, said: "* * * It was evidently the purpose of Congress, in permitting the Bureau to make changes in its findings and awards, to confine the effect of such changes to the future, and not to permit them to disturb rights which had become fixed under awards already entered; and it was hardly contemplated that insurance which had been reinstated by one order

of the commission should be forfeited by a subsequent order. * * *"

In United States v. Sellers, 5 Cir., 75 F. 2d 623, on page 626, the court, in considering a similar question, said: "* * * Sellers claims that from the time he ceased paying premiums to the time of his total and permanent disability there was an outstanding right to compensation shown by an award for it made and paid in October following, and that the action of the Board in canceling it was beyond its power on the appeal it was trying, and could not be retroactive in any event. Sellers is right. The appeal was not one taken from the award made in 1922, but was one touching his new claim of total and permanent disability made to mature his insurance. The board could pass on the latter claim, and allow or overrule it, but to reverse the award of compensation made and paid in 1922 and thus destroy the insurance was not a proper action. * * *"

If changed ratings for compensation purposes can not take away insurance rights, it appears reasonable to conclude that such rights fixed by and as of the date of death could not be destroyed by alleging a contingency which might but did not mature the insurance at an earlier date.

Therefore, it is our conclusion that no legal defense was set forth in defendant's answer and that the District Court erred in overruling plaintiff's motion to strike that portion of the answer which sought to invoke the defense under consideration. It follows that plaintiff's motion for summary judgment should have been allowed.

The order dismissing the appeal is vacated, the petition for rehearing denied and the cause reversed with directions to enter judgment in favor of the plaintiff and against the defendant.