**LEONARD v. SOCONY–VACUUM OIL CO., Inc., et al.**

No. 7941.

Circuit Court of Appeals, Seventh Circuit.

June 1, 1942.

Rehearing Denied Aug. 19, 1942.

Roy St. Lewis, of Washington, D. C., Louis Karasik and Maurice J. Dix, both of New York City, Gerald Boileau, of Wausau, Wis., Hiram Z. Mendow, of Minneapolis, Minn., Long, St. Lewis & Nyce, of Washington, D. C., for appellant.

David T. Searls, of Chicago, Ill., Gene M. Woodfin, of Houston, Tex., R. L. Wagner, of Chicago, Ill., and H. H. Thomas, of Madison, Wis. (Vinson, Elkins, Weems & Francis, of Houston, Tex., Thomas, Orr & Isaksen, of Madison, Wis., Nolan, Dougherty, Grubb & Ryan, of Janesville, Wis., John C. Zwick, of Chicago, Ill., Ronald J. Foulis, of St. Louis, Mo., L. E. Isaksen, of Madison, Wis., and W. H. Dougherty, of Janesville, Wis., of counsel), for appellees.

W. P. Crawford, of Superior, Wis., and Samuel M. Kane and M. J. Myer, both of Chicago, Ill., Amici Curiae.

Before EVANS and MAJOR, Circuit Judges, and LINDLEY, District Juge.

LINDLEY, District Judge.

Plaintiff, a jobber of gasoline, brought this action to recover treble damages, alleging a violation of Section 1 of the Sherman Anti-Trust Act, 15 U.S.C.A. § 1.

In his complaint plaintiff set forth five items of damage claimed to have resulted from defendants' alleged wrongful acts. He alleged that, (a) the volume of profits from the business declined seriously; (b) he was compelled to pay a higher price for gasoline than was a fair market price; (c) his volume of business decreased because of increased prices; (d) the cost of operating his business increased; and (e) he had to buy gasoline at a higher price. Because of these alleged injuries, plaintiff claimed damages to the extent of $6,400.

Defendants moved for a partial summary judgment under Rule 56(d) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, on the claims of damage in subsections (b) and (e). The trial court sustained the motion, adjudging that plaintiff might proceed to trial as to the other elements of damage relied upon and that he might amend his complaint within 30 days. Plaintiff did not proceed to trial or amend but appealed.

■ Section 128 of the Judicial Code, 28 U.S.C.A. § 225, provides that: "The Circuit Court of Appeals shall have appellate jurisdiction to review by appeal * * * final decisions. * * *" The Federal Rules have worked no modification of this provision. Florian v. United States, 7 Cir., 114 F.2d 990; Hunteman v. New Orleans Public Service, Inc., 5 Cir., 119 F.2d 465. The question thus arises whether the partial summary judgment was a final decision within the meaning of Section 128.

It is obvious that plaintiff here relied upon only one cause of action—damage to his business resulting from defendants' alleged violation of the Anti-Trust Act. The different elements of damage were not claimed to have resulted from different transactions but to have arisen from the one alleged cause of action based upon one conspiracy. It seems clear, therefore, that when the court granted the motion for a partial summary judgment as to items (b) and (e), it did not dispose finally of plaintiff's claim. The trial court reserved for determination his asserted right to recover on the other elements of damage alleged to have resulted from the conspiracy.

Moore, in his analysis of the Federal Rules of Civil Procedure expresses the opinion that a partial summary judgment under Rule 56(d) is not appealable. 3 Moore's Federal Practice, 1st Ed. 1938, 3190. His reasons for such views are:

(1), from the language of the rule it is clear that such is not a final judgment, "but merely a pre-trial adjudication that certain issues in the case shall be deemed established for the trial of the case," and (2), it was the declared policy of the draftsmen of the rules to continue the policy of the former practice of not allowing interlocutory appeals, except where specifically provided for by act of Congress.

■ To this reasoning we assent. It seems quite apparent that the draftsmen were attempting, by providing for partial summary judgment, merely to speed up the trial by eliminating what were not deemed proper issues. The rule is very similar to Rule 16 concerning pretrial procedure for formulation of issues by the court in conference with the parties. In fact, the drafters expressly indicated that the same purpose lay behind both. There is no indication that it was the intent of the Supreme Court, in promulgating the rule, to make such partial summary judgment final and appealable. In fact, had such been the intent, it would have brought about the very end desired to be avoided,— delay and waste of time in appealing piecemeal, even though the party still has a cause of action pending, where he may have a final judgment disposing of all controversies between the parties.

■ Further it has long been the policy of the Federal Courts not to grant appeals from interlocutory judgments unless required so to do. "A case may not be brought here by appeal or writ of error in fragments. To be appealable, the judgment must be, not only final, but complete. * * * And the rule requires that the judgment to be appealable should be final not only as to all the parties, but as to the whole subject-matter and as to all causes of action involved." The exception occurs only when an adjudication is final in nature, "of matters distinct from the general subject of the litigation." Collins v. Miller, 1920, 252 U.S. 364, 370, 40 S.Ct. 347, 349, 64 L.Ed. 616.

There are a number of cases very close to the problem presented. Florian v. United States, 7 Cir., 114 F.2d 990, cert. granted and judgment reversed for want of jurisdiction because of the absence of final judgment in the District Court, 1941, 312 U.S. 656, 61 S.Ct. 713, 85 L.Ed. 1105; Collins v. Miller, 252 U.S. 364, 370, 40 S.Ct. 347, 64 L.Ed. 616; Rexford v. Brunswick-Balke-

Collender Co., 228 U.S. 339, 345, 33 S.Ct. 515, 57 L.Ed. 864. The proper rule is perhaps best expressed by the Supreme Court in Heicke v. United States, 217 U.S. 423, 430, 30 S.Ct. 539, 54 L.Ed. 821.

This problem of partial summary judgment is very similar to that arising upon orders allowing motions to strike, used to eliminate certain matters before trial by having them determined preliminary to trial. The Federal Courts have uniformly held that orders upon such motions are not, in themselves, such final orders as to be appealable. Despite such interlocutory orders, the suit or action is regarded as still pending and before the court for final determination by final judgment before jurisdiction can be conferred upon the court of review. City & County of San Francisco v. McLaughlin, 9 Cir., 9 F.2d 390; Darling Lumber Co. v. Porter, 5 Cir., 256 F. 455; Missouri & Kansas Interurban R. Co. v. City of Olathe, Kan., 222 U.S. 185, 32 S.Ct. 46, 56 L.Ed. 155. In essence, defendants' motion was nothing more than one to strike certain matters and the judgment only interlocutory,—a pretrial order determining for the purposes of the trial a legal contention affecting only certain elements of damage.

It should be observed that under the order complained of, plaintiff was given the right to amend within 30 days. Where the right to amend is given there is no "final decision," Atwater v. North American Coal Corp., 2 Cir., 111 F.2d 125; Western Electric Co. v. Pacent Reproducer Corp., 2 Cir., 37 F.2d 14.

The appeal is dismissed for want of jurisdiction.