**MERRITT–CHAPMAN & SCOTT CORPORATION, a Corporation, Appellant,**

v.

**CITY OF SEATTLE, WASH., a Municipal Corporation, Appellee.**

**No. 16772.**

United States Court of Appeals
Ninth Circuit.

Sept. 2, 1960.

---

Allen, DeGarmo & Leedy, Seattle, Wash., Manning, Hollinger & Shea, New York City, Glickstein, Crenshaw, Glickstein & Hulsey, Jacksonville, Fla., Gerald DeGarmo, Seattle, Wash., Robert J. Ruben, New York City, Stuart G. Oles, Seattle, Wash., for appellant.

A. C. VanSoelen, Corp. Counsel, Seattle, Wash., A. L. Newbould, Asst. Corp. Counsel, Helsell, Paul, Fetterman, Todd & Hokanson, Richard S. White, Richard W. Bartke, Sp. Counsel, Seattle, Wash., for appellee.

Before STEPHENS, HAMLIN and KOELSCH, Circuit Judges.

HAMLIN, Circuit Judge.

On December 8, 1954, Merritt-Chapman & Scott Corporation and Savin Construction Corporation entered into a contract with the City of Seattle, appellee, for the construction of Gorge High Dam and the Newhalen-Diablo Highway at a cost of something over $14,000,000. Over four years later, during which time construction work had continued upon the dam and highway, Merritt-Chapman & Scott Corporation, appellant, filed in the District Court for the Western District of Washington a complaint for declaratory judgment. Appellant, after alleging generally that difficulties had arisen between the parties during the five year construction period, such as changes in the contract and delays occasioned thereby, asked in the prayer of the complaint that the Court determine whether the contract was in full force and effect or had been abrogated, and alternatively, if it should be determined that the contract was in full force and effect, that the Court determine (a) whether there had been a suspension of work thereunder, and if so the amount of expenses incurred by appellant due to the delays, and (b) the number of days of extension of contract completion time to which appellant was entitled. Lastly, appellant prayed that "the Court reserve and continue jurisdiction over the Plaintiff and Defendant and over the subject matter of this action to find and decree such other rights as may be submitted for decision by either Plaintiff or Defendant by Supplemental Petition, Answer and Cross-Petition or otherwise; to enforce and supplement any Declaratory Judgment and Decree as entered herein and to herein determine any controversy which either has arisen or may hereafter arise between Plaintiff and Defendant out of the Contract, the work performed or to be performed thereunder * * *."

Appellee filed a motion to dismiss the complaint, setting forth three grounds.[1]

1. "Motion to Dismiss Complaint
"Defendant moves the court as follows:

"I
"To dismiss the action because the complaint fails to state a claim against the

This motion came on to be heard before The Honorable John C. Bowen, a United States District Judge at Seattle, Washington, on December 29, 1959, and on December 30, 1959, the District Court made an order which read in part as follows:

"It Is Hereby Ordered, Adjudged and Decreed that the complaint of the plaintiff be, and the same is hereby dismissed without prejudice to the right of the plaintiff to file herein its amended complaint or institute independently of this case a new and independent action or actions for any and all moneys and claims as and when they become due, owing and unpaid under and in connection with plaintiff's performance of its existing contract with the defendant."

On January 6, 1960, appellant filed notice of appeal to this Court from the order of the District Court dated December 30, 1959. It duly filed, on January 14, 1960, a bond for costs on appeal, together with a statement of points on appeal and designation of content of record on appeal.

Thereafter, on January 27, 1960, counsel for appellant appeared before the Honorable William J. Lindberg, a United States District Judge at Seattle, Washington, and after stating to the Court that he had found "some cases which convinced me it [the order of December 30] was not an appealable order" he announced "the plaintiff in this case elects to stand upon the declaratory judgment complaint as filed in this case and not to amend as permitted by the order of De-

defendant upon which relief can be granted by declaratory judgment or otherwise.
"II
"To dismiss this action on the ground that plaintiff's complaint shows on its face that plaintiff has waived whatever rights, if any, it might have had to claim that the contract between the parties has been 'rescinded,' 'abrogated,' or is no longer in full force and effect.

cember 30, 1959, as entered by Judge Bowen."

There was presented to and then signed by the Court on January 28, 1960, an order which read in part:

"Now, Therefore, It Is Hereby Ordered, Adjudged and Decreed that the above-entitled action is hereby finally dismissed upon the election of the Plaintiff not to file an Amended Complaint herein as permitted by the Order Dismissing Action signed, filed and entered herein December 30, 1959, such dismissal to be without prejudice or without cost to any party to this proceeding."

On the same day, appellant gave notice of appeal to this Court from the order of December 30, 1959, and "from the Order of Dismissal Upon Election of Plaintiff Not to Amend * * *" of January 28, 1960.

Appellee contends preliminarily (1) that when appellant filed its first notice of appeal on January 6, 1960, from Judge Bowen's order of December 30, 1959, the District Court was deprived of jurisdiction to proceed further in the case, and thus did not have jurisdiction to enter the order of January 28, 1960, and (2) that the order of December 30, 1959, was not an appealable order and therefore this appeal must be dismissed. We shall consider these contentions.

The first contention of appellee (that the taking of an appeal to the Court of Appeals deprives the District Court of jurisdiction) has been considered in many cases. The Court said in In re Federal Facilities Realty Trust, 7 Cir., 227 F.2d 651, 652, at page 653:

"III
"To dismiss this action on the ground that the court lacks jurisdiction for the reason that the contract of December 8, 1954, as pleaded in paragraph IV of the First Claim of plaintiff's complaint, provides an exclusive and mandatory administrative procedure to be followed by plaintiff in the event disputes of the type alleged in the complaint should arise, and plaintiff has not alleged compliance with this contractual condition and exhaustion of its remedies under this procedure."

"It is well settled that filing a notice of appeal from a district court's judgment vests jurisdiction over the cause appealed in the court of appeals. Thereafter, the trial court has no power to modify its judgment or take other action affecting the cause without permission of the appellate tribunal, except insofar as jurisdiction is expressly reserved in the district court by statute or the Federal Rules of Civil Procedure, 28 U.S.C.A., to act in aid of the appeal. Miller v. United States, 7 Cir., 114 F.2d 267 * * *; Smith v. Pollin, 90 U.S.App.D.C. 178, 194 F.2d 349; Willoughby v. Sinclair Oil & Gas Co., 10 Cir., 188 F.2d 902; Jordan v. Federal Farm Mortgage Corp., 8 Cir., 152 F.2d 642, * * *; Daniels v. Goldberg, D.C., 8 F.R.D. 580, affirmed 2 Cir., 173 F.2d 911."

The question was further discussed in District 65, etc. v. McKague, 3 Cir., 1954, 216 F.2d 153, at page 155. The Court there said:

"Counsel for the appellants stated when this court indicated that the appeal should be dismissed that he could procure an order from the court below in conformity with Rule 54(b), F.R.C.P. This court then unequivocally informed counsel that the court below was without jurisdiction to make such an order since the appeal was pending in this court."

Thereafter an order was secured in the lower court pursuant to Rule 54(b), 28 U.S.C. and when the matter came on for rehearing before the Court of Appeals, the Court said:

"The court below was without jurisdiction to enter the order of May 24, 1954 since the appeal was pending in this court and the court below was without jurisdiction to enter any order which would affect the status of the appeal."

In the Ninth Circuit case of Hunter Douglas Corporation v. Lando Products, 9 Cir., 1956, 235 F.2d 631, at page 632, the Court said:

"Assuming that the trial court intended this statement in the findings of fact to be a final judgment dispositive of the counterclaim, we hold that it is beyond that court's jurisdiction. The perfection of the original appeal herein operated to transfer to the Court of Appeals jurisdiction of the cause; the jurisdiction of the trial court ceased and that of the Court of Appeals attached. The trial court was thereafter without authority to act in matters relating to the subject matter until the mandate was returned."

We have found no authorities to the contrary, and appellant has cited none. See 7 Moore's Federal Practice § 73.13.

■ Rules 60 and 73 of the Federal Rules of Civil Procedure set out what steps may be taken by the District Court after a notice of appeal to the Court of Appeals has been filed, but nowhere in these sections is there given any authority for the District Court to modify its order from which the appeal was taken. 73(a) provides in part as follows:

"If an appeal has not been docketed, the parties, with the approval of the district court, may dismiss the appeal by stipulation, filed in that court, or that court may dismiss the appeal upon motion and notice by the appellant."

In the instant case, the appellant did not choose to take advantage of the above quoted portion of the rule. We hold that the District Court was without jurisdiction to make its order of January 28, 1960.

■ The second contention of appellee is that the order of December 30, 1959, was not appealable and that therefore the appeal therefrom must be dismissed.

28 U.S.C. § 1291 provides that—

"The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts * * *."

The question then to be determined is whether the order of December 30, 1959, was a final decision.

That order provided "that the complaint of the plaintiff be, and the same is hereby dismissed without prejudice to the right of plaintiff to file herein its amended complaint * * *."

A similar situation was before the Supreme Court of the United States in Jung v. K. & D. Mining Co., Inc., 356 U.S. 335, 78 S.Ct. 764, 765, 2 L.Ed.2d 806. There, the Court said:

"Respondents moved to dismiss petitioners' first amended complain for failure to state a claim upon which relief could be granted. On May 10, 1955, the District Court sustained the motion, dismissed the complaint, and granted petitioners 'twenty days from this date within which to file an amended complaint.' On May 27, 1955, petitioners moved to vacate the order of May 10 dismissing the first amended complaint or, in the alternative, to extend the time to file an amended complaint. On that date (May 27, 1955) the Court overruled petitioners' motion to vacate the order of May 10, but granted leave to petitioners to file an amended complaint within twenty days from May 27, 1955. * * *

"We think that the District Court's order of May 27, 1955, denying petitioners' motion to vacate the order of May 10, 1955, but granting further leave to petitioners to amend their complaint, did not constitute the final judgment in the case. It did not direct 'that all relief be denied' (Rule 58 of Federal Rules of Civil Procedure, 28 U.S.C.A.) but left the suit pending for further proceedings 'either by amendment of the [complaint] or entry of final judgment.' Missouri & Kansas Interurban R. Co. v. City of Olathe, 222 U.S. 185, 186 [32 S.Ct. 46, 56 L. Ed. 155]. The situation did 'not differ from an order sustaining a demurrer with leave to amend; another order of absolute dismissal after expiration of the time allowed for amendment is required to make a final disposition of the cause.' Cory Bros. & Co., Ltd. v. United States [2 Cir.], 47 F.2d 607. Cf. United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227 [78 S.Ct. 674, 2 L. Ed.2d 721] Clark v. Kansas City, 172 U.S. 334 [19 S.Ct. 207, 43 L.Ed. 467] * * *."

We hold in the instant case that the order of the District Court of December 29, 1959, was not a final order and was not appealable.

Appellee makes other contentions in support of the order of the District Court dismissing the complaint, among them being (1) that the issues raised by appeal have become moot; (2) that the complaint fails to state a claim "upon which relief can be granted by declaratory judgment or otherwise"; and (3) that the District Court's order was within its discretion.

In view of our holding that the appeal must be dismissed it is not necessary to discuss appellee's other points.

The appeal is dismissed.