43 F.3d 1466
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Philip Y. KIM, Plaintiff-Appellant,
v.
SOUTHSIDE BANK, Defendant-Appellee.
Philip Y. KIM, Plaintiff-Appellant,
v.
FIRST COMMONWEALTH SAVINGS BANK, Defendant-Appellee.
Philip Y. KIM, Plaintiff-Appellant,
v.
HALLMARK BANK, Defendant-Appellee.
Philip Y. KIM, Plaintiff-Appellant,
v.
FIRST UNION NATIONAL BANK; David S. Musgrave, Defendants-Appellees.
Philip Y. KIM, Plaintiff-Appellant,
v.
NORWEST BANK; The Principal Financial Group; Joellen J.
Watts, Defendants-Appellees.
Philip Y. KIM, Plaintiff-Appellant,
v.
CENTRAL FIDELITY NATIONAL BANK; Michael V. Paulson; Coury
MacDonald, Defendants-Appellees.
Philip Y. KIM, Plaintiff-Appellant,
v.
HORIZON BANK; Barbara J. Maddux; Coury MacDonald,
Defendants-Appellees.
Philip Y. KIM, Plaintiff-Appellant,
v.
GMAC MORTGAGE CORPORATION; Diana Clark; Maria
Corpora-Buck, Defendants-Appellees.
 Nos. 94-1825, 94-1826, 94-1827, 94-1828, 94-1829, 94-2018,
94-2019, 94-2020.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 13, 1994.
Decided Dec. 23, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge; T. S. Ellis, III, Claude M. Hilton, District Judges; Albert V. Bryan, Jr., Senior District Judge. (CA-94-549, CA-94-550, CA-94-547, CA-94-548, CA-94-544, CA-94-615, CA-94-616, CA-94-546)
 Philip Y. Kim, Appellant Pro Se. Coury MacDonald, Appellee; Brian F. Kenney, MILES & STOCKBRIDGE, Fairfax, VA; David Bingham Bullington, DAVID & HAGNER, P.C., Washington, DC; Tara Ann McGee, WILLIAMS, MULLEN, CHRISTIAN & DOBBINS, Richmond, VA; Thomas Charles Junker, HAZEL & THOMAS, P.C., Alexandria, VA; David Simson Musgrave, PIPER & MARBURY, Baltimore, MD; Virginia W. Powell, HUNTON & WILLIAMS, Richmond, VA; Charles John Caridi, KASSABIAN, CARIDI & KASSABIAN, P.C., Annandale, VA; Gregory Ulrich Evans, CARMAN & EVANS, Fairfax, VA; Mark John Hardcastle, HARDCASTLE & DEVER, Rockville, MD, for Appellees.
 Before MURNAGHAN, WILKINS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 In these eight consolidated appeals, Philip Kim challenges the district court's orders dismissing his cases. We affirm in appeal Nos. 94-1825, 1826, 1827, 1828 & 2020 and dismiss appeal Nos. 94-1829, 2018, & 2019.
 
 
 2
 In appeal Nos. 94-1825, 1826, 1827, & 1828, Kim appeals from the district court's orders dismissing his actions pursuant to Fed.R.Civ.P. 12(b)(6). The most liberal reading of Kim's complaints, see Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 746 (1976); Waterford Citizens' Ass'n v. Reilly, 970 F.2d 1287, 1290 (4th Cir.1992), reveals only conclusory, baseless allegations that the banks committed violations of law. Kim failed to allege injury, see Allen v. Wright, 468 U.S. 737, 751 (1984), and despite the warnings that the cases may be dismissed, he failed to appear at the hearing to explain or clarify his claims. We affirm the dismissal of these cases.
 
 
 3
 Appeal No. 94-2020 is Kim's appeal from the dismissal of his action for failure to comply with the court's order to amend his complaint and particularize his claims. Because Kim failed to comply with the court's order, and, after notice, failed to present evidence or argument opposing dismissal, we find no abuse of discretion by the district court in dismissing Kim's action. See Ballard v. Carlson, 882 F.2d 93, 95-96 (4th Cir.1989), cert. denied, 493 U.S. 1084 (1990). We therefore affirm.
 
 
 4
 Appeal Nos. 94-1829, 2018, and 2019 present Kim's appeals of the orders dismissing his complaints and granting leave to amend. An order granting leave to amend a complaint is not a final order; rather, such an order leaves the case open for either amendment of the complaint or entry of final judgment. Jung v. K. & D. Mining Co., 356 U.S. 335, 337 (1958) (quoting Missouri & Kansas Interurban R. Co. v. City of Olathe, 222 U.S. 185, 186 (1911)). Because the three orders from which Kim appeals are non-final, interlocutory orders, we dismiss the appeals.*
 
 
 5
 In conclusion, we affirm the district court's orders dismissing Kim's actions in appeal Nos. 94-1825, 1826, 1827, 1828, & 2020, and dismiss appeal Nos. 94-1829, 2018, & 2019. In appeal Nos. 94-1828, 1829, & 2020, Appellees assert that Kim's appeals are frivolous and move for an award of costs and attorneys' fees pursuant to Fed. R.App. Proc. 38. While these appeals lack merit, we decline to award Rule 38 sanctions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 Nos. 94-1825/1826/1827/1828/2020--AFFIRMED.
 
 
 7
 Nos. 94-1829/2018/2019--DISMISSED.
 
 
 
 *
 We also note that the appeals in Nos. 94-2018 and 94-2019 were untimely filed. See Fed. R.App. P. 4(a); Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). Additionally, to the extent that Kim's appeal in No. 94-2018 can be construed to challenge the district court's later order dismissing the case without prejudice, dismissal is also the proper remedy. See Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1067 (4th Cir.1993) (dismissal without prejudice not reviewable unless no amendment to the complaint will cure defect)